BLAND, ADM'R *v.* BELLE POINT LODGE No. 20.

5-2731                                                    359 S. W. 2d 804

Opinion delivered September 10, 1962.

*Luke Arnett,* for appellant.

*Gean, Gean & Gean,* for appellee.

ED. F. McFADDIN, Associate Justice. The question posed is whether the appellee is liable for contributions under the Arkansas Employment Security Act. The appellant is J. L. Bland, Administrator of the Employment Security Division of the Department of Labor of the State of Arkansas; and the appellee is Belle Point Lodge No. 20, which, on November 15, 1848, received a charter as a subordinate lodge of the Most Worshipful Grand Lodge of Masons, which Grand Lodge was incorporated by act of

the Arkansas Legislature on November 25, 1848 (see page 136 of the 1846 Acts). The Belle Point Lodge is an unincorporated association and its proper officers are also appellees.

On February 3, 1961 the appellant Bland, acting in his official capacity and proceeding under § 81-1117 Ark. Stats., filed in the Office of the Circuit Clerk of Sebastian County a certificate of assessment against said Belle Point Lodge for delinquent contributions levied by the Arkansas Employment Security Act.[1] On February 9, 1961, and pursuant to § 81-1117(e) Ark. Stats., the Belle Point Lodge applied to the Sebastian Chancery Court to review the said assessment. At the trial from which comes this appeal it was shown that Belle Point Lodge is a regular subordinate lodge and annually elects a secretary, to whom is paid a salary. For the past fourteen years this secretary has been, and still is, Cicero Lewis; and he is the only person in said lodge who receives any compensation. The reason for the assessment against the lodge was because of appellant's contention that Cicero Lewis, as secretary of the Lodge, was an employee of the Lodge and, therefore, the

---

[1] The said Certificate of Assessment reads as follows:
*"CERTIFICATE OF ASSESSMENT*
*of*
*CONTRIBUTIONS LEVIED BY THE ARKANSAS*
*EMPLOYMENT SECURITY ACT*
"TO THE CLERK OF THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS: I, J. L. Bland, Administrator of the Employment Security Division of the Department of Labor of the State of Arkansas, hereby certify:
"That on the 23rd day of January, 1961, I certified to the Commissioner of Labor of the State of Arkansas an assessment of delinquent contributions levied by the Arkansas Employment Security Act, past due and unpaid by: Belle Point Lodge No. 20 of Fort Smith, of the County of Sebastian, State of Arkansas; and on said date delivered a copy of said assessment to said Belle Point Lodge No. 20.
"I further certify that ten days has expired since said certification to said Commissioner and delivery to said delinquent taxpayer, and I now hereby certify to you, as Clerk of the said Circuit Court, that the amount of said delinquent contributions due by the said Belle Point Lodge No. 20 is $342.26. Cost of filing this assessment, $1.00—Total $343.26.
"NOTICE OF LIEN: Notice is hereby given that Section 18(c) of Act 162 of the Acts of Arkansas 1953, creates a lien upon all real and personal property owned by the above named defendant to secure the payment of the amount above shown.
"WITNESS MY HAND as such Administrator on the 2nd day of February, 1961. (Signed) J. L. Bland, Administrator, Employment Security Division, Department of Labor of State of Arkansas."

Lodge was liable for unemployment compensation payments.

The Chancery Court held[2] that the Belle Point Lodge was not liable for the tax; and from that holding, the appellant prosecutes a direct appeal,[3] and appellee prosecutes a cross-appeal.[4] A careful study convinces us that the Chancery Decree should be reversed since under our statute the appellee is liable for the tax unless exempted, and the appellee is not within the provisions of any exemp-

[2] We copy the Chancellor's opinion *in extenso*: "This petition for review is filed pursuant to Title 81, Section 1117 (e) of the Employment Security Act. It is an undisputed fact that Belle Point Lodge No. 20 has only one employee. From the evidence it is clear that this Lodge of Free and Accepted Masons is not operated 'exclusively for religious, charitable, scientific, literary or educational purposes.' If it were so operated it would be exempt under the provisions of the first paragraph of Title 81, Section 1103 (i) (6) (0). The second paragraph of the above section provides: 'Also any service or employment now exempt under terms of Federal Unemployment Compensation laws so long as the same is exempt under Federal Law.'
"Federal Unemployment Compensation Act, Chapter 23, I.R.C. Section 3306 (a) and Regulation Section 31, 3306 (a)-1 exempts all persons or organizations employing less than four (4) persons. Research by the write of this opinion has not disclosed any interpretation of this section by the Supreme Court of this State.
"The Legislature, in the enactment of the Employment Security Act, provided for a review by a Court of Equity and in so doing, in my opinion, had in mind an equitable construction of these provisions to protect some organizations who might not be exempt by reason of exclusive operation for charitable purposes, but exempt under Federal Law.
"Considering the provisions of Sub-section (0) along with the provisions of Sub-section (1) which exempts services performed in the employ of Chambers of Commerce, baseball clubs, and civic organizations, and labor unions, *excepting those liable for tax under the Federal Unemployment Tax Act*, it leads this Court to the conclusions that the Legislature did not intend that organizations such as Belle Point Lodge No. 20 should be liable under the Act.
"It is, therefore, the opinion of the Court that Petitioners, Belle Point Lodge No. 20 is exempt for liability under the Employment Security Act, by reason of the provision of the second paragraph of Title 81, Sec. 1103 (i) (6) (0)."
[3] Appellant urges on direct appeal two points:
(a) The Court erred in holding that appellee was exempt from the payment of the tax assessed under the provisions of Ark. Stats. § 81-1103 (i) (6) (0), and the Federal Unemployment Tax Act, U.S.C.A. Tit. 26, § 3306.
(b) The Court erred in finding that the Petition for Review should be sustained and in quashing the assessment.
[4] On cross-appeal, the appellee urges that the Belle Point Lodge is exempt under Ark. Stats. § 81-1103 (i) (6) (0) as a "foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earning of which inures to the benefit of any private shareholder or individual."

tion. The applicable law, in Ark. Stats. § 81-1103, defines "employing unit" and "employer" as follows:

"81-1103 . . . (g) *Employing unit.* 'Employing unit' means any individual or type or organization . . . which has . . . *one or more* individuals performing services for it within this State." (Italics our own.)

"81-1103 . . . (h) *Employer.* 'Employer' means: . . . for the calendar year 1942 and thereafter, any individual or employing unit which, for some portion of ten (10) or more days, . . . has . . . in employment one or more individuals . . ."

Therefore, it is clear that Belle Point Lodge—in employing Mr. Lewis as secretary—was an "employing unit" and an "employer" within our statute. The Federal statute, as contained in United States Code Annotated, Title 26, § 3306, defines an employer as one who has *four or more individuals* in the employment; but the State of Arkansas had the right and power to make its Act apply to the employer of only one individual.

Therefore, Belle Point Lodge was and is an employing unit and an employer within the applicable Arkansas statute and is liable for the tax unless it comes within one of the exemption provisions of the Arkansas statute. The burden of showing matters of exemption was upon Belle Point Lodge. See *McKinley* v. *R. L. Payne & Son Lbr. Co.,* 200 Ark. 1114, 143 S. W. 2d 38. In *Wiseman* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. 2d 1007, in speaking of exemptions from taxation, we quoted with approval from *Cooley on Taxation,* 4th ed., Vol. 2, p. 1403, § 672, as follows:

" 'An intention on the part of the Legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a special privilege or exemption is claimed under a statute, charter, or act of incorporation, it is to be construed strictly against the

property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed, and cannot be made out by inference or implication, but must be beyond reasonable doubt. In other words, since taxation is the rule and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing is upon him who claims it.' ''

Ark. Stats. § 81-1103 (i) (6) lists the various exempted employments in alphabetical subdivisions ''(A)'' to ''(P)'' inclusive. The only language claimed to have any application, on either the direct appeal or cross-appeal in this case, is the paragraph lettered ''(O)'' which reads as follows:

''Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

''Also any service or employment now exempt under terms of Federal Unemployment Compensation laws so long as the same is exempt under Federal law.''

The concluding sentence of the above quotation refers to the exemption terms of the Federal statute, and we find these exemption terms in U.S.C.A. Tit. 26 § 3306 (c), in which are listed seventeen numbered paragraphs concerning exemptions, but the only one of these paragraphs which is claimed to be applicable is ''(8)'' which reads:

''Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes,

or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;''

It will be observed that this Federal provision, for all purposes here involved, uses the same words as § 81-1103 (i) (6) (0) of the Arkansas statute; so we consider them together. The Arkansas statute urged by appellee on cross-appeal provides for the following exemption: ''Service performed in the employ of a corporation . . . or foundation . . . organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, . . .'' In the case at bar, Belle Point Lodge entirely failed to prove that it was organized and operated *exclusively* for religious, charitable, scientific, literary, or educational purposes. Mr. Lewis was the witness for Belle Point Lodge, and he testified:

''Our organization is religious in that it requires a religious belief for membership. It is of a religious nature in its work. It is educational in that we have branches who study the history of the Order, even politics, for that matter. And it is charitable, primarily, inasmuch as we are organized for the purpose of assisting the brethren in the case of need. . . . We do not consider ourselves a religion inasmuch as it refutes another religion, but we do require a religious belief for membership, and we practice religion in the Lodge in the prayers and invocations.''

A careful search of the transcript fails to show that Mr. Lewis ever used the word ''exclusively''. Belle Point Lodge may be organized for religious and charitable purposes, but it may also be organized for *fraternal* purposes. The point is that Belle Point Lodge failed to show that it was organized and operated *''exclusively''* for the purposes mentioned within the statute. In the case of *Grand Lodge, F. & A. M.* v. *Taylor,* 146 Ark. 316, 226 S. W. 129, emphasis was placed on the word ''exclusively''; and so in the case at bar the proof fails to show that Belle Point Lodge is a corporation organized and operated *exclusively*

for the purposes mentioned in the Arkansas statute allowing exemptions.

It therefore follows that the decree of the Chancery Court is reversed and the cause is remanded for the entry of a decree in keeping with this opinion.