*[203] JOHNSON, J.
Petitioner appeals from a referee’s decision finding that respondent, Northwest Christian College, was not an employer subject to taxes under the Unemployment Compensation Act because of ORS 657.072(l)(a)(B) which provides:
"(1) 'Employment’ does not include service performed for a nonprofit employing unit if such service is performed:
"(a) In the employ of
"(B) An organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches * *
The college is a nonprofit corporation. Petitioner conceded at the hearing that the college is operated primarily for religious purposes to train students for the ministry of the Christian Church. There was substantial evidence to support the referee’s finding that the college is not principally supported by the church because much of its financial support comes from private individuals who "may very well have been members * * * yet the contribution was not * * * through the Christian Church but outside thereof.”[1] The issue is whether the referee was correct in concluding that the college is an organization "operated, supervised, [or] controlled * * * by a church * * * ”
Petitioner argues that the college is not exempt because it is operated, supervised and controlled by the Board of Trustees rather than by the Christian Church. Under the articles of incorporation the Board has legal control of the college’s operation. However, to end the inquiry there would be to substitute form for substance. By the same logic, even though Henry Ford *[204] owned the stock of Ford Motor Company, the corporation would be said to be controlled by a board of directors. Correspondingly, under petitioner’s theory an organization would be exempt if a church had legal control although there was no control in fact.
The referee made the following finding of fact:
"* * * the leaders of the Christian Church brought plaintiff into existence, plaintiff is guided by the Church and could not survive without its direction and control. Although the Board of Trustees may delegate to the president of plaintiff college the day to day operation of the college, it is the Board of Trustees that sets the policy therefor. The Board is primarily responsible to the Christian Church and it is the Christian Church that has the ultimate say in the operation, supervision and control of plaintiff.”
The undisputed evidence is that the primary purpose of this college is to train students for the ministry of the Christian Church and the articles of incorporation so direct. Although the Board of Trustees consists of 25 members, 17 are selected by an original eight. Four of the eight are the state secretaries of the Christian Church who are the church hierarchy, and the four others are appointed by the Christian Church Alumni Association, a majority of whom are Christian Church ministers. Seventeen members of the Board, including the President, are in fact ordained Christian Church ministers, and the remaining Board members are closely associated with the church. Given the primary purpose of the college, the mechanism created was precisely designed to insure that this purpose would be achieved. In short, it was a mechanism to permit the Christian Church to control the college.
The test for exemption in ORS 657.072(l)(a)(B) cannot be analogized to the "direction or control” test applicable in determining whether the person supplying services is an independent contractor exempt under ORS 657.040(1). That test is applied in determining the relationship between the person supplying the services and the employer. ORS 657.040(1) *[205] expressly provides that there must be an absence of both legal and de facto direction or control.[2] The question under ORS 657.072 is not the nature of the employment relationship but the nature of the employer. The statute is silent as to whether the test for exemption is for legal or in fact control, or both. We conclude the legislature intended to exempt those organizations which are in fact operated, supervised or controlled by a church.
Affirmed.

 Respondent cross-appealed contending that there was not substantial evidence to support the referee’s finding that the college is not principally supported by the church.

 ORS 657.040(1) provides:
"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:
"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact * * (Emphasis added)