Argued August 20, affirmed October 1, 1979

EMPLOYMENT DIVISION,
*Petitioner,*
*v.*
ARCHDIOCESE OF PORTLAND
IN OREGON,
*Respondent.*

(No. 78-T-62, CA 13324)

600 P2d 926

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Eugene E. Feltz, Portland, argued the cause for respondent. With him on the brief was Casey, Palmer, Feltz & Sherry, Portland.

Before Joseph, Presiding Judge, Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The Employment Division appeals from a referee's decision that primary and secondary parochial schools operated by the Archdiocese of Portland are exempt under ORS 657.072(1)(a)(A) and (1)(a)(B) from the unemployment compensation taxes imposed by ORS ch 657. We affirm.

ORS 657.072(1)(a) provides:

"(1) 'Employment' does not include service performed:

"(a) In the employ of:

"(A) A church or convention or association of churches;

"(B) An organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches."

Prior to January 1, 1978, ORS 657.072(1)(c) provided an exclusion for services performed for nonprofit employers operating schools other than institutions of higher education. Subsection (1)(c) was repealed by Oregon Laws 1977, ch 446, § 4.[1]

The Division argues that the repeal of subsection (1)(c), which independently of subsection (1)(a) had exempted parochial schools from the taxes, eliminated their exemption.[2] That argument of course fails if the church affiliated schools come within the exemption still provided by ORS 657.072(1)(a). The referee concluded the schools in question do.

The findings of the referee, all of which were supported by the record, include: (1) the Archdiocese of Portland is an Oregon corporation having the purpose, among others, of establishing and conducting schools; (2) the Archdiocese is divided into local

---

[1] That Act also adopted minor changes to or affecting subsection (1)(a). Those changes are not relevant here.

[2] Subsection (1)(c) applied to primary and secondary schools operated by all nonprofit entities, in addition to church-operated schools.

parishes; (3) the curriculum of parochial schools includes religious instruction, and "the tenets of the Catholic Church [are to] be emphasized wherever feasible throughout the entire curriculum"; (4) the Archdiocese has a superintendent and board of education which exercise certain responsibilities in connection with parochial schools; (5) direct operation of the schools is the responsibility of parish priests and education commissions; (6) 35.8 percent of the funding for schools in the Archdiocese system comes from tuition, and the remaining funding comes from local parishes of the Archdiocese; (7) the great majority of the schools in question are operated under the direct auspices of the Archdiocese corporate entity; and (8) a small number of high schools have been separately incorporated, primarily to enable them to hold property. The referee also noted that church precepts require the bishop of a diocese to coordinate and direct all diocesan apostolic works, including education.

The referee concluded that parochial schools are part of the church, and their employes are therefore in the employ of a church within the meaning of ORS 657.072(1)(a)(A). He further concluded that the schools are "operated primarily for religious purposes," *cf. Dickman et al v. School Dist. 62C et al,* 232 Or 238, 366 P2d 533 (1961), *cert den* 371 US 823 (1962), and are "operated, supervised, controlled or principally supported" by the Catholic Church, within the meaning of ORS 657.072(1)(a)(B).

We previously construed ORS 657.072(1)(a)(B) in *Emp. Division v. N. W. Christian College,* 31 Or App 201, 570 P2d 100 (1977), *rev den* (1978). In that case, the referee found that a college which trained students for the ministry of the Christian Church was operated, supervised or controlled by that church, notwithstanding that "legal control" of the college was vested in a board of trustees with no formal affiliation to the church. We affirmed the referee and concluded that the words "operated, supervised [or] controlled" in

ORS 657.072(1)(a)(B) mean "control in fact" or actual control rather than legal control. The concurring opinion in *Christian College* emphasized that the actual control test required a factual finding by the referee, subject to the same limited review by this court as are other agency findings. The Chief Judge, dissenting for himself and three other members of the court, would have held that the statutory language referred to legal rather than actual control.

In the present case, there was substantial evidence that all of the parochial schools are subject to the actual control of the Archdiocese. Moreover, with the arguable exception of the small number of separately incorporated high schools, there was also substantial evidence to support a finding that the schools are subject to the direct legal control of the Archdiocese and its parishes, thus satisfying the test which the dissent in *Christian College* would have adopted as well as meeting the test of the majority opinion.

ORS 657.072(1)(a)(B) applies here for a further reason which was not present in *Christian College.* The statute refers to organizations which are "operated, supervised, controlled *or* principally supported" by a church. (Emphasis added.) In *Christian College,* the referee found that the college was not "principally supported" by the church. Here, however, the referee found that approximately two-thirds of the funding for the parochial schools came from the parishes of the Archdiocese. Accordingly, the substantial funding as well as the control test of the statute are satisfied here.

We hold that the referee correctly concluded, in light of his findings, that the parochial schools are exempt under ORS 657.072(1)(a)(B). It is therefore unnecessary for us to consider whether the schools are also exempt for the other reasons noted by the referee or asserted by the Archdiocese.

Affirmed.