Argued and submitted November 3, reversed December 30, 1980

# MILLER,
## *Respondent,*
### *v.*
# EMPLOYMENT DIVISION et al,
## *Petitioners.*

## (No. 79-AB-380, CA 14548, SC 27075)

620 P2d 1377

Paul R. Romain, Portland, argued the cause for petitioner Union Gospel Mission of Portland. With him on the brief were Ronald K. Ragen, and Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland.

William F. Gary, Assistant Attorney General, Salem, argued the cause for petitioner Employment Division. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and W. Benny Won, Assistant Attorney General, Salem.

L. Ramsay Weit, Legal Aid Service, Portland, argued the cause and filed briefs for respondent.

Before Tongue, Presiding Chief Justice, and Howell,** Lent, Linde, Peterson, and Tanzer, Justices.

TANZER, J.

---

**Howell, J., retired November 30, 1980.

**TANZER, J.**

We review the decision of the Court of Appeals reversing an administrative order of the Employment Appeals Board (EAB) in a contested case denying unemployment compensation to claimant. The issue is whether services performed by claimant for his former employer are covered employment for the purposes of unemployment compensation pursuant to ORS 657.072. The answer depends upon determination of the validity of the Employment Division's administrative rule which purports to interpret ORS 657.072.

The findings are not challenged. From July 1977 to March 1978 claimant worked for the Union Gospel Mission, an association of churches. He worked primarily as a truck driver, picking up articles donated to the Mission's thrift store. Employees of the store sort, clean and sell donated articles for profit which is used to support the Mission's religious activities. Claimant was not involved in any of the Mission's religious activities.

The Employment Division referee concluded under ORS 657.072(1)(a)(A) and OAR 471-31-090(2) that claimant's services were covered employment. EAB reversed, concluding that the administrative rule "exceeds the range of interpretation entrusted to the Employment Division by statute." The Court of Appeals reversed the EAB and upheld the validity of the administrative rule. On review, we reverse the Court of Appeals because the administrative rule is not authorized by ORS 657.072(1)(a)(A).

Our review of the order is under ORS 183.482 and ORS 657.282 for error of law. Under ORS 183.400(2) we review the rule upon which the order is based. The controlling statute, ORS 657.072, provides:

"(1) 'Employment' does not include service performed:

"(a) In the employ of

"(A) A church or convention or association of churches;

"* * * * *."

The administrative rule, OAR 471-31-090(2), provides:

"Nothing in ORS 657.072 and this section shall be construed as exempting from employment:

"(a)   Services performed for a church, convention, or association of churches when such services are in furtherance of a trade or business for profit for such organization."

■        The Employment Division referee found that the Mission is an association of churches. Thus, claimant's employment by the Mission is clearly and specifically exempted from covered employment by the language of ORS 657.072(1)(a)(A) because it is "service performed * * * [i]n the employ of [an] association of churches."

OAR 471-31-090(2) purports to interpret ORS 657.072. The rule limits the church employment exemption by allowing coverage for services performed "in furtherance of a trade or business for profit." The rule conflicts with the clear, unambiguous words of ORS 657.072(1)(a)(A) which absolutely exempt employment by an association of churches from unemployment insurance coverage regardless of whether the employment itself is for religious purposes or for profit.

Claimant argues that the rule is a reasonable interpretation of the statute as a whole. The statute, however, is in alternative subsections. In contrast to subsection (A) of ORS 657.072(1)(a), subsection (B) allows exemption for organizations other than churches or associations of churches, "operated, supervised, controlled or principally supported by a church or convention or association of churches," only if they are operated "primarily for religious purposes." ORS 657.072(1)(a)(B) provides:

"(1)    'Employment' does not include service performed:

"(a)    In the employ of
"* * * * *.

"(B)    An organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches;
"* * * * *."

See, for example, the application of the statute to parochial schools in *Emp. Division v. N.W. Christian College,* 31 Or

App 201, 570 P2d 100 (1977), *rev den* (1978); *Emp. Div. v. Archdiocese*, 42 Or App 421, 600 P2d 926 (1979).

A similar limitation upon the exemption exists for ministers and members of religious orders. ORS 657.072(1)(b). Subsection (b) exempts service performed:

> "* * * By a duly ordained, commissioned or licensed minister of a church in the exercise of his ministry or a member of a religious order in the exercise of duties required by such order; * * *."

The existence of these express statutory limitations upon the exemptions in subsections (1)(a)(B) and (b) contrast with the absolute terms of ORS 657.072(1)(a)(A). Because claimant's employment comes within subsection (1)(a)(A), we do not consider whether the rule is valid as it applies to other subsections.

We hold that ORS 657.072(1)(a)(A) does not allow the Employment Division to narrow its scope by interpretation as in OAR 471-31-090(2). An agency may not amend, alter, enlarge or limit the terms of a legislative enactment by rule. *U. of O. Co-oper. v. Dept. of Rev.*, 273 Or 539, 550, 542 P2d 900 (1975). The definition of covered employment in ORS 657.072 is a complete expression of legislative policy and gives the agency no latitude to create an exception to the coverage of the statute by rule. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 225, 621 P2d 547 (1980); *see also McPherson v. Employment Division*, 285 Or 541, 549-50, 591 P2d 1381 (1979). Because the Employment Division rule conflicts with the legislative policy expressed in the unambiguous language of ORS 657.072(1)(a)(A), we hold the rule to be invalid.[1]

We reverse the decision of the Court of Appeals and reinstate the EAB order finding respondent's services exempt from unemployment insurance coverage.

Reversed.

---

[1] The Court of Appeals, in reaching a contrary result, relied heavily on the case of *Shiloh Youth Revival Center v. Emp. Div.*, 44 Or App 81, 605 P2d 704 (1980). *Shiloh* involved circumstances similar to the instant case although the issue there was the employer's liability for unemployment tax. The Court of Appeals in *Shiloh* applied OAR 471-31-090(2)(a) and found the employee's services covered because they were "in furtherance of a trade or business for profit." *Shiloh* is distinguishable from the instant case because the validity of the rule was not challenged. To the extent that *Shiloh* assumes the validity of OAR 471-31-090(2) as it applies to ORS 657.072(1)(a)(A), it is superseded by this opinion.