NATIONAL BAPTIST CONVENTION U.S.A., INC.
*v.* ARKANSAS EMPLOYMENT SECURITY DIVISION

CA 81-49                                            623 S.W. 2d 852

Court of Appeals of Arkansas
Opinion delivered November 18, 1981
[Rehearing denied December 16, 1981.]*

*CRACRAFT and COOPER, JJ., would grant the petition.

190

*Campbell & Campbell,* by: *R. Scott Campbell,* for appellant.

*Herrn Northcutt,* for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a decision denying appellant an exemption from the payment of contributions on wages earned by employees of the National Baptist Hotel and Bathhouse. Appellant seeks exemption from payment of such taxes by virtue of Ark. Stat. Ann. § 81-1103 (i) (D) (i) (I) which reads as follows:

> (D) For the purposes of paragraphs (B) and (C) the term "employment" does not apply to service performed:
> (i) in the employ of (I) a church or convention or association of churches, or (II) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches; . . .

A hearing was held upon the application for exemption before a hearing officer of the Employment Security Division in Little Rock, Arkansas on July 31, 1973. On November 8, 1973, a determination of coverage was made by the hearing officer which found that the application for exemption from payment of contributions should be denied. Appellant appealed this decision to the Arkansas Employment Security Board of Review which affirmed the denial of exemption on August 12, 1975. The National Baptist Convention then appealed the Board of Review's decision to the Pulaski County Circuit Court. On October 22, 1980, the Circuit Court affirmed the decision of the Board of Review. Appellant now brings an appeal to this court. We reverse.

The essential facts are undisputed. Appellant, National Baptist Convention, is a voluntary association of seven thousand Baptist churches. This group owns the property upon which is located a hotel and bathhouse in Hot Springs, Arkansas. It does not pay any school or state taxes. The Convention has a board consisting of three commissioners which supervise the property and employ a manager to oversee the operation. Two bank accounts are maintained by the appellant, one in the name of National Baptist Sani-

tarium and one in the name of National Baptist Hotel. The operation employs 32 to 40 workers. Gross income in 1972 from the hotel was $96,396.85 and from the bathhouse was $54,000.00. The income above expenses from the operation is returned to the National Baptist Convention. The hotel is used one week in January of each year for an official convention of the members of the appellant organization. An estimated 10% of the annual gross income is received during this week. In all other weeks the services of the hotel and bathhouse are open to the public as any other similar services offered to the public.

The appellant argues before the Court that it should be exempted from employment security contributions because its employees were in the employ of "a convention or association of churches." We agree.

We note initially that the burden of showing matters of exemption was upon the National Baptist convention. *Bland* v. *Belle Point Lodge No. 20,* 235 Ark. 331, 359 S.W. 2d 804 (1962). However, we construe a statute by the meaning of the expressed words of the statute. *Garrett* v. *Cline,* 257 Ark. 829, 520 S.W. 2d 281 (1975). If the language is clear and unambiguous, we must construe it in accordance with the language employed. *Mears, County Judge* v. *Arkansas State Hospital,* 265 Ark. 844, 581 S.W. 2d 339 (1979). This court has no authority to legislate or to construe a statute to mean anything other than what it says, if the statute is plain and unambiguous. *Weston* v. *State,* 258 Ark. 707, 528 S.W. 2d 412 (1975).

The Board of Review, in denying appellant an exemption under Ark. Stat. Ann. § 81-1103 (i) (D) (i) (I), emphasized the fact that the bank accounts from which employees were paid were listed as National Baptist Hotel and National Baptist Sanitarium instead of National Baptist Convention. The mere fact that the funds maintained by the National Baptist Convention were segregated into separate bank accounts carrying a title other than the National Baptist Convention is not controlling on the issue of what entity has actual control of the funds. It is clear that both accounts were

under the ultimate supervision and control of the National Baptist Convention and its board of commissioners.

We find no substantial evidence to support the Board of Review's finding that the employees of the hotel and bathhouse were not employed by the National Baptist Convention.

Having found that the subject workers are employed by the National Baptist Convention, we now turn to the statute governing exemption of a convention or association of churches.

Appellee would have us read the requirement under Part (II) of the statute requiring that the organization be "operated primarily for religious purposes" into Part (I) of the statute. We do not believe this to be a correct reading of the statute as the statute is written in the disjunctive rather than the conjunctive form. The language of the statute is clear and unambiguous and appellant clearly falls within the exemption provided by Part (I) for a convention or association of churches.

Appellee argues that the statute was not intended to exempt organizations who are involved in commercial activities of this sort. Perhaps this is a legislative problem. We agree with the appellee that the Legislature may not have intended to exempt this type of operation; but, the fact remains that the statute, as written, clearly exempts employment by a convention or association of churches.

We note that the Oregon Supreme Court dealt with a statute (ORS 657.072) almost identical to the Arkansas statute in question in *Miller* v. *Employment Division,* 290 Or. 285, 620 P. 2d 1377 (1980). The Oregon Employment Division had promulgated an administrative rule which narrowed the application of the exemption under the statute as follows:

Nothing in ORS 657.072 and this section shall be construed as exempting from employment:
(a) Services performed for a church, convention, or

association of churches when such services are in furtherance of a trade or business for profit for such organization.

The Oregon Court of Appeals had affirmed this rule in *Miller* v. *Employment Division*, 45 Or. App. 1117, 610 P. 2d 293 (1980). The Oregon Supreme Court, in reversing the Court of Appeals, stated:

> The rule [promulgated by the agency] conflicts with the clear, unambiguous words of ORS 657.072 (1) (a) (A) which absolutely exempt employment by an association of churches from unemployment insurance coverage regardless of whether the employment itself is for religious purposes or for profit.

The Arkansas Employment Security Division would have us read a rule into our statute similar to the administrative rule of the Oregon Employment Division. This we cannot do. If the statute does not truly reflect the intentions of the Legislature, then it is for the Legislature and not the Courts to amend.

Reversed and remanded.

COOPER and CRACRAFT, JJ., dissent.

GEORGE K. CRACRAFT, Justice, dissenting. I respectfully dissent.

Ark. Stat. Ann. § 81-1103(i)(D)(i)(I) and (II) exclude from coverage under the act persons employed by:

> (I) a church or convention or association of - churches or

> (II) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches; or . . . .

Section (I) provides for an exclusion of those *actually*

and *directly* employed by a church or association of churches. It contemplates exclusion from the act those directly employed by a religious organization but is not limited to those engaged in purely religious functions. It would also exclude from coverage secretaries, sexton, paid choir masters and other persons directly employed by a congregation or its hierarchy. Section (II) would exclude from coverage under the act any organization which is operated primarily for religious purposes or any operation being operated, supervised, controlled or principally supported by a church, convention or association of churches where it is operated primarily for religious purposes. Section (II), unlike Section (I), is limited to those activities which are purely religious in nature.

The Board of Review found that the claimant was not employed by the National Baptist Convention, but by the "National Baptist Hotel" and "National Baptist Sanitarium and Bathhouse" maintained in Hot Springs. They found that the hotel and bathhouse were supervised by a three man commission which was named by the Baptist Convention but was not operated by the Convention itself. In the operation of the hotel and bathhouse the supervisor hired other persons. The Board of Review expressly found that the claimant had not been hired by the National Baptist Convention but by an organization operated, supervised and controlled by that association but which was not operated primarily for religious purposes.

It has long been established that on an appeal from the Board of Review we are required to review the evidence in the light most favorable to the findings of the Board, and give the testimony its strongest probative value in favor of that Board. The issue on such appeals is whether the evidence supports the finding which the Board made. If that determination is supported by substantial evidence we must affirm. *Rose* v. *Daniels,* 269 Ark. 679, 599 S.W. 2d 762 (Ark. App. 1980); *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W. 2d 954 (1978).

The majority opinion recognizes this standard of review but reaches its result through the back door by holding

that the finding of the Board was not supported by substantial evidence. I find this to be inconceivable.

The evidence on which the Board reached its conclusions indicated that the claimant in this case was employed by the "National Baptist Hotel" and the "National Baptist Sanitarium and Bathhouse," not the National Baptist Convention. These facilities consisted of a ninety-six room hotel and dining room with fourteen tubs and two whirlpools. They employed between thirty-two and forty employees, and in the year 1972 the hotel had gross income of $96,000 and the bath facility in excess of $54,000. During only one week of the year the facility was used for a church convention and was open to the public for the remaining fifty-one weeks on a commercial basis. There was no indication that even during the one week church convention the operation was other than commercial as to the guests. Both enterprises were operated, supervised and controlled by the church acting through a commission of three persons. Separate bank accounts were maintained by the hotel and bathhouse. None of the employees was hired or paid by the Convention but by the hotel and bathhouse operators from their own bank accounts. To me at least, the supportive evidence rises far above the status of "substantial."

Nor do I agree with the majority that the case of *Miller* v. *Employment Division*, 290 Or. 285, 620 P. 2d 1377 (1980), holds anything other than what is stated in this dissenting opinion. In that case the court stated by referring to the findings of the Employment Appeals Board, the fact finding body under their law:

> From July 1977 to March 1978 claimant *worked for* the Union Gospel Mission, *an association of churches.* He worked primarily as a truck driver, picking up articles donated to the Mission's thrift store. Employees of the store sort, clean and sell donated articles for profit which is used to support the Mission's religious activities. Claimant was not involved in any of the Mission's religious activities.

> . . . .

*The Employment Division referee found that the Mission is an association of churches.* Thus, claimant's employment *by* the Mission is clearly and specifically exempted by the language of ORS 657.072 (1) (a) (A) [a statute identical to our Section (I)] because it is 'service performed . . . [i]n the employ of [an] association of churches.' (Emphasis added.)

In upholding the finding of its Appeals Board, the court struck down an administrative regulation which, in the face of the clear wording of the statute, would have applied coverage to this claimant because even though directly employed by the association of churches, he was not engaged in religious pursuit. It holds nothing else.

I respectfully dissent.

I am authorized to state that COOPER, J., joins in this dissent.