Submitted on record and briefs November 26, 1986, reversed and remanded for reconsideration January 28, 1987

MICHAEL A. JEANES,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A40678)

732 P2d 51

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Petitioner seeks review of an order postponing his parole release date because of serious misconduct. The only issue is whether the Board of Parole (Board) may postpone a parole release date without a hearing.

The Board cites OAR 255-50-010(1) as its authority to postpone a parole release date without a hearing. It provides:

> "When the Board is notified by the Administrator of the Corrections Division that an extension of a prison term has been recommended, a panel or the Full Board may conduct a hearing to determine whether the misconduct requires extension. The recommendation also may be resolved by Administrative File Pass."

OAR 255-50-010(1) conflicts with the clear and unambiguous language of ORS 144.125(2):

> "The board shall postpone a prisoner's scheduled release date if it finds, *after a hearing,* that the prisoner engaged in serious misconduct during confinement. The board shall adopt rules defining serious misconduct and specifying periods of postponement for such misconduct." (Emphasis supplied.)

The requirement of a hearing in ORS 144.125(2) cannot be eliminated by an administrative rule. It is elementary that an agency may not amend, alter, enlarge or limit the specific terms of a legislative enactment by rule. *Miller v. Employment Division,* 290 Or 285, 289, 620 P2d 1377 (1980); *Oregon Educ. Ass'n. v. Eugene School Dist. 4J,* 53 Or App 722, 727, 633 P2d 28 (1981). Accordingly, OAR 255-50-010(1) is invalid, as is the Board's decision to postpone petitioner's release date.

Reversed and remanded for reconsideration.