Argued and submitted July 12, 1991, OAR 137-50-450(10) held invalid; rules otherwise held valid January 15, petitioner's petition for reconsideration allowed by opinion April 1, 1992

William C. GUTHRIE,
on behalf of himself and
on behalf of all persons similarly situated,
*Petitioner,*

*v.*

SUPPORT ENFORCEMENT DIVISION,
DEPARTMENT OF JUSTICE
and Colleen Sealock,
*Respondents.*

(CA A66609)

823 P2d 1033

Philip F. Schuster, Portland, argued the cause for petitioner. With him on the brief was Roger F. Dierking, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

PER CURIAM

**PER CURIAM**

In this ORS 183.400 challenge to OAR 137-50-320 to OAR 137-50-490, *as amended*,[1] popularly known as "Child Support Guidelines," petitioner urges a panoply of supposed defects. However, only one of his arguments requires discussion.

Under ORS 107.105(1)(c), a trial court may order either or both joint custodial parents to pay child support.[2] OAR 137-50-450(10) requires the court to net the amounts of child support for which each parent is obligated. Only one parent would then be required to pay anything to the other parent. That is directly contrary to the statute, which gives the court discretion to order either *or both* parents to pay. Although the rule may be the better way of handling the matter, the agency does not have the authority to alter or limit the courts' statutory authority to order both parents to pay support. *See Miller v. Employment Division*, 290 Or 285, 289, 620 P2d 1377 (1980). OAR 137-50-450(10) is, therefore, invalid. ORS 183.400(4)(b).

OAR 137-50-450(10) held invalid; rules otherwise held valid.

---

[1] The challenge is to the rules as amended through March 1, 1991.

[2] ORS 107.105(1)(c) provides, in part, that the court may order,

"[f]or the recovery from the party not allowed the care and custody of [the parties'] children, or from either party or both parties if joint custody is decreed, such amount of money, in gross or in installments, or both, as constitutes just and proper contribution toward the support and welfare of such children."