Submitted on record and briefs December 11, 1991, rule held valid July 1, 1992

RICHARD W. PERKINS, JR.,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A71240)

833 P2d 1356

Richard W. Perkins, Jr., Salem, filed the brief *pro se.*

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ This is a challenge to a Board of Parole rule, OAR 255-30-010, brought under ORS 183.400(4)(b). Petitioner, an inmate at a Department of Corrections institution, argues that the Board exceeded its statutory authority by including in the rule language authorizing it to extend for 90 days the time to set a prison term hearing to obtain additional information. Petitioner asks us to declare the rule invalid.

ORS 144.120 governs the setting of parole release dates. It provides, in part:

"(1)(a)   Within six months of the admission of a prisoner to any Department of Corrections institution, * * * the board shall conduct a parole hearing to interview the prisoner and set the initial date of release on parole pursuant to subsection (2) of this section. * * *

"* * * * *

"(5)   After the expiration of six months after the admission of the prisoner to any Department of Corrections institution, the board may defer setting the initial parole release date for the prisoner for a period not to exceed 90 additional days pending receipt of psychiatric or psychological reports, criminal records or other information essential to formulating the release decision."

OAR 255-30-010 provides, in part:

"(1)   The Board shall conduct a hearing to establish a prison term for each new prisoner whose crime was committed prior to November 1, 1989 within:

"(a)   Six (6) months of admission to a Department of Corrections facility for those sentenced to five years or less;

"* * * * *

"(3)   For those prison terms hearings which must be conducted within six (6) months, the Board may defer setting a prison term for ninety days to obtain additional information."

On its face, the Board's administrative rule simply paraphrases ORS 144.120. Petitioner does not explain why it is contrary to the intent of the statute or how it expands or contracts the meaning or coverage of the statute. *See Miller v. Employment Division*, 290 Or 285, 289, 620 P2d 1377 (1980). We conclude that it does not.

■ Petitioner's arguments concerning possible misuse of the rule are not properly before us in a challenge under ORS 183.400. *See Oregon Bankers Assn. v. Bureau of Labor and Ind.*, 102 Or App 539, 544, 796 P2d 366 (1990).

Rule held valid.