No. 43        January 28, 2014        341

## IN THE OREGON TAX COURT
## REGULAR DIVISION

### John A. BOGDANSKI,
*Plaintiff,*

*v.*

### CITY OF PORTLAND,
*Defendant.*

(TC 5186)

Plaintiff (taxpayer) appealed a Magistrate Division decision dismissing his appeal regarding a local arts tax imposed by Defendant City of Portland (the city). The city moved to dismiss taxpayer's complaint on the ground that the Oregon Tax Court did not have jurisdiction in the matter as the tax in question originated with the city and therefore the tax did not arise from the tax laws of the State of Oregon. Taxpayer argued that even though his potential liability for the Arts Tax had its origin in local legislative action, his challenge was nonetheless one that arose under the tax laws of this state because he invoked a constitutional limitation found in the constitution of this state which, if applicable, would nullify his tax liability. Granting the city's motion to dismiss, the court ruled that relevant case law had rejected the argument that a state constitutional limitation would define whether a matter arose under state law and that the proper factor governing jurisdiction was determined by which government imposed a tax.

Oral argument on Defendant's motion to dismiss was held September 19, 2013, in the Multnomah County Courthouse, Portland.

Plaintiff, John A. Bogdanksi, Attorney at Law, Portland, filed the response and argued the cause *pro se*.

Tracy Pool Reeve, Chief Deputy City Attorney, Portland, filed the motion and J. Scott Moede, Senior Deputy City Attorney, Portland, argued the cause for Defendant (the city).

Decision for Defendant rendered January 28, 2014.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION AND FACTS

This matter is before the court on a motion to dismiss Plaintiff's complaint made by Defendant.

Plaintiff (taxpayer) asks for a declaratory judgment that the Arts Tax enacted into law by the voters of the City of Portland is invalid because it violates Article IX, section 1a, of the Oregon Constitution. That section provides: "No poll or head tax shall be levied or collected in Oregon."

Defendant City of Portland (the city) has filed a motion to dismiss the complaint of taxpayer, for the reason that this court lacks subject matter jurisdiction. Taxpayer has responded to the motion and both parties provided the court with supplemental briefing after the oral argument on the motion to dismiss.

## II.   ISSUE

Does the jurisdiction of the Oregon Tax Court extend to a case in which a tax law of a city is challenged as being violative of Article IX, section 1a, of the Oregon Constitution?

## III.   ANALYSIS

The jurisdiction of this court is, as provided in ORS 305.410, limited and extends, subject to certain statutory exceptions, only to "all questions of law and fact arising under the tax laws of this state."[1] That jurisdiction is also stated to be, subject to certain statutory exceptions, exclusive. Other courts in this state are not authorized to decide matters allocated for decision to this court.

Taxpayer argues that even though his potential liability for the Arts Tax has its origin in local legislative action, his challenge is nonetheless one that arises "under the tax laws of this state" because he invokes a constitutional limitation found in the constitution "of this state" which, if applicable, will nullify his tax liability.

The city argues that because the potential tax liability of taxpayer finds its origin in local legislation, a dispute about that liability cannot be one that arises "under the tax laws of this state"—even though the dispute may involve a provision of the state constitution limiting the type

---

[1] The court's references to the Oregon Revised Statues (ORS) are to 2011.

of taxes that any governmental unit in Oregon may levy or collect.

The question of the jurisdiction of this court has received the attention of the Oregon Supreme Court on several occasions. In particular, the question of the jurisdiction of this court in respect of local tax legislation was addressed in *Jarvill v. City of Eugene*, 289 Or 157, 613 P2d 1 (1980). There, a party questioning tax legislation of the City of Eugene filed an action in the circuit court. The city argued that because the challenge to the tax was based on provisions of the Oregon Constitution regarding uniformity of taxation, the matter arose under the tax laws of this state. *Id.* at 164.

The Oregon Supreme Court rejected that argument. The court considered the problems of split jurisdiction if the argument of the City of Eugene were to be accepted. Matters concerning only the ordinance itself would have to be litigated in the circuit court, but matters involving state constitutional limitations would have to be litigated in this court. Rejecting the argument that a state constitutional limitation would define whether a matter arose under state law, the court concluded that the proper focus was the government that imposed the tax. If the state imposed a tax, jurisdiction would be in this court unless there was a specific statutory exception. If a city imposed a tax, jurisdiction would be in the circuit court unless a statute provided for jurisdiction in this court.[2] *Id.* at 167-68.

Although taxpayer here tries to limit or distinguish the teaching of *Jarvill*, that attempt is unpersuasive. *Jarvill* governs the disposition of this case. The government that imposed the Arts Tax was the City of Portland, not the State of Oregon. Accordingly, disputes about the Arts Tax do not arise under the tax laws of the State of Oregon and, all parties agreeing that there is no jurisdictional basis under ORS 305.620, this court has no jurisdiction over disputes about the Arts Tax.

---

[2] ORS 305.620 (2011) is such a statute. It provides that if a state agency has an agreement with a local government to administer a local tax, disputes about the local tax are within the exclusive jurisdiction of this court.

## IV.  CONCLUSION

The motion to dismiss of the city is granted. Counsel for the city is directed to prepare an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction is granted.