IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALEKSANDR SHEVTSOV,

          Plaintiff,

          v.

MULTNOMAH COUNTY ASSESSOR,

          Defendant.

)
)
)
)
)
)
)
)
)
)

TC-MD 210079N

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on Defendant's Motion to Dismiss (Motion) filed June 9, 2021. Defendant stated its intention to file the Motion during the case management conference held May 27, 2021, and the court set a briefing schedule with the parties to give Plaintiff an opportunity to respond.[1]

A.    *Plaintiff's Complaint and Defendant's Motion*

Plaintiff filed his Complaint on March 18, 2021, appealing the value of property identified as Account R542590 (subject property) for the "2019, 2020" tax years. (Compl at 1.) He appealed from a board of property tax appeals (BOPTA) Order of Dismissal for the 2020-21 tax year, stating that his petition was defective and that he failed to cure the defect within the 20-day window. (*Id.* at 2.) At a case management conference held April 26, 2021, Plaintiff orally responded to Defendant's Motion to Make More Definite and Certain, clarifying that he is appealing both the 2019-20 and 2020-21 tax years and alleging a real market value of $300,000 for the subject property for both years. (*See* Or, Apr 26, 2021.) At the request of the court, Plaintiff filed a copy of his property tax statement for the 2020-21 tax year, which also identifies the 2019-20 values. (Ptf's Ltr, May 27, 2021.) The tax statement shows that the subject

---

[1] The court requested and received supplemental briefing from the parties on BOPTA filing fees.

property had a 2019-21 roll real market value of $355,120 and the 2020-21 roll real market value of $357,570, consisting of both land and improvements. (*Id.* at 4.) The subject property's 2020-21 maximum assessed value was $155,080. (*Id.*)

Defendant moves to dismiss Plaintiff's Complaint because he failed to appeal to BOPTA for both years as required by ORS 305.275 and ORS 309.100, and he failed to allege ultimate facts sufficient to state a claim for relief under ORS 305.288. (Def's Mot at 1.)

B.      *BOPTA Appeal of the 2020-21 Tax Year*

Defendant acknowledges that Plaintiff timely filed a petition with BOPTA for the 2020-21 tax year, but his petition was defective due to a lack of filing fee. (Def's Mot at 2.) As a result, BOPTA sent Plaintiff notice that his petition was defective on January 15, 2021, giving him 20 days to correct the petition. (Def's Mot at 9, Ex B.[2]) When Plaintiff failed to timely pay the fee for his petition, BOPTA sent him an Order of Dismissal on February 23, 2021. (*Id.* at 7, Ex A.) Defendant argues that Plaintiff may not appeal to this court from a BOPTA dismissal, citing *Rore LLC v. Deschutes County Assessor*, TC-MD 050051E, 2005 WL 1089745 (Or Tax M Div Apr 14, 2005). (*Id.* at 2-3.)

1.      *Whether Plaintiff May Appeal BOPTA Order of Dismissal*

ORS 305.275(3)[3] states that no appeal may be taken to this court if a taxpayer may appeal to BOPTA. "The appeal under this section is from an *order of the board* as a result of the appeal filed under ORS 309.100 * * *." *Id.* (emphasis added). ORS 309.100(5) states that "[i]f the board denies any petition upon the grounds that it does not meet the requirements of subsection (3) of this section, it shall issue a written *order* rejecting the petition and set forth in

---

[2] The Defective Petition Notice lists the defect as "$30 filing fee needed." (Def's Mot, Ex B.)

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

the order the reasons the board considered the petition to be defective." (Emphasis added); *see also* ORS 309.110(1),(7) (providing that all petitions, other than petitions resolved by stipulation "shall be recorded by formal order" and that "[t]he order of a board, other than an order relating to an application to excuse liability for the penalty imposed under ORS 308.295, may be appealed to the magistrate division of the Oregon Tax Court.")

The text of the relevant statutes show that an order of dismissal is an "order of the board" appealable to the court under ORS 305.275 and ORS 309.110(7). However, the court must first consider whether BOPTA's dismissal was proper before it may consider the merits of Plaintiff's appeal. *See Peterson v. Lane County Assessor*, TC-MD 010682D, 2001 WL 34148925 (Or Tax M Div July 24, 2001) (dismissing taxpayer's appeal upon finding that dismissal of BOPTA petition was appropriate where petition was not timely filed); *Houck v. State Tax Comm.*, 2 OTR 448 (1966) (concluding that taxpayer was "aggrieved by an act or omission of a county assessor" and remanding the case where BOPTA's predecessor, the county board of equalization, rejected taxpayer's petition in error)*; Lake Creek Partners LLC v. Jefferson County Assessor*, TC-MD 160062N, 2017 WL 395241 (Or Tax M Div Jan 27, 2017) (considering whether BOPTA properly dismissed late filed petitions).[4]

Accordingly, the court initially confines itself to considering whether BOPTA's dismissal was appropriate. If so, the court then will consider whether any of the exceptions under ORS 305.288 apply.

/ / /

---

[4] In *Rore*, 2005 WL 1089745, the court considered whether taxpayer's failure to correct a defective petition met the "good and sufficient cause" standard under ORS 305.288(3). The court did not consider whether the BOPTA dismissal was proper, either because the issue was not raised by the parties or because it implicitly accepted the correctness of BOPTA's dismissal.

2.	*Whether BOPTA Properly Dismissed Plaintiff's Petition for the 2020-21 Tax Year*

Plaintiff asserts that he never received notice of the defects in his petition. The BOPTA clerk is required to mail written notice that a petition is defective to the taxpayer. OAR 150-309-0100(2). The Defective Petition Notice was addressed to the same address Plaintiff provided in the petition. (*See* Def's Mot at 9, Ex B; Ptf's Resp at 4, 6.) Under Oregon law, there is a presumption that an official duty has been properly performed. ORS 40.135(1)(j); *see also J. R. Widmer, Inc. v. Dept. of Rev.*, 261 Or 371, 374, 494 P2d 854 (1972). The court finds nothing in the evidence presented that rebuts this presumption.[5]

Plaintiff next argues that BOPTA had "no valid bases for [the] petition to [be] dismissed." (Compl at 1.) ORS 309.100 lists what must be included in a BOPTA petition:

> "(3) Each petition shall: (a) Be made in writing. (b) State the facts and the grounds upon which the petition is made. (c) Be signed and verified by the oath of a person described in subsection (1)[6] or (4) of this section. (d) State the address to which notice of the action of the board shall be sent. The notice may be sent to a person described in subsection (1) or (4) of this section. (e) State if the petitioner or a representative desires to appear at a hearing before the board."

That subsection does not require a fee. OAR 150-309-0090[7] lists additional information that must be included in a BOPTA petition, such as the current tax roll value, the requested value, and the "facts on which the appeal is based." That rule is consistent with ORS 309.026 ensuring

---

[5] In *Feliz-Glynn Properties LLC v. Yamhill County Assessor*, TC-MD 110842C, 2012 WL 541508 (Or Tax M Div Feb 17, 2012), taxpayer similarly alleged that it did not receive the BOPTA Order, making several arguments that the fault lay with BOPTA: first, that BOPTA lacked a "form of proof of mailing or delivery or another system in place to track its mail"; second, that taxpayer's office "has a specific and long-standing procedure in place to process incoming mail"; and, third, that BOPTA had incorrectly delivered orders in an unrelated case. The court concluded that BOPTA had complied with requirements set forth in statute and rule, denying taxpayer's appeal.

[6] Subsection (1) requires that the person filing the petition hold "an interest in the property that obligates them to pay taxes imposed on the property" and subsection (4) explains who may appear on behalf of a person described in subsection (1).

[7] The Department of Revenue has specific statutory authority to prescribe rules that provide for the filing of a petition under ORS 309.100. ORS 309.104.

that BOPTA has the information it needs to determine its jurisdiction with regard to the petition.[8] The rule does not, by its text, require or permit BOPTA to impose a fee to file the petition.

Defendant acknowledges that neither the statute nor the rule references a BOPTA filing fee. (*See* Def's Supp Br at 2.) Here, Multnomah County Code Chapter 7.008(G) authorizes the county to impose a BOPTA filing fee and the county "approve[d] a $30 petition fee by Board Resolution which is part of the Master Fee Schedule for 2021." (*Id.* at 2, Ex A.) Defendant argues that the BOPTA filing fee was "a condition precedent to complete a BOPTA petition in Multnomah County[,]" thus Plaintiff's "petition was defective and Plaintiff failed to properly appeal to BOPTA, in violation of ORS 305.275." (*Id.*) In response, Plaintiff notes the lack of prior case law concerning a BOPTA filing fee requirement. (Ptf's Ltr, Dec 30, 2021.)

As Plaintiff notes, the issue presented here – whether a taxpayer's failure to pay a BOPTA filing fee bars further appeal to this court under ORS 305.275 – appears to be novel. Plaintiff does not challenge the validity of the BOPTA filing fee or offer any explanation for his failure to pay the filing fee.[9] Counties have legislative authority as delegated by state law.[10]

---

[8] BOPTA has jurisdiction to hear petitions for current year reductions in assessed value, real market value and maximum assessed value.

[9] In any event, the court questions its jurisdiction to consider the validity of the BOPTA filing fee because it is a county ordinance and this court's jurisdiction is limited to questions arising under tax laws of the *state*. *See* ORS 305.410(1); *see also Bogdanski v. City of Portland*, 21 OTR 341 (2014) (dismissing plaintiff's appeal of the Portland arts tax because it is not a tax law of the state, thus the court lacks jurisdiction).

[10] An agency may not amend, alter, enlarge or limit terms of legislative enactment by rule. *Miller v. Employment Div.*, 290 Or 285, 289, 620 P2d 1377 (1980). However, counties, unlike administrative agencies, have the power to exercise legislative authority as granted by state law. Or Const Art IV, §1(5); ORS 203.035; *US West v. City of Eugene*, 336 Or 181, 186, 81 P3d 702 (2003) (citing *Jarvill v. City of Eugene*, 289 Or 157, 169, 613 P2d 1 (1980); *see also Oregon State Shooting Ass'n v. Multnomah Cty.*, 122 Or App 540, 858 P2d 1315 (1993), *rev den*, 319 Or 273 (1994), and *rev den*, 319 Or 273 (1994) (holding that county ordinance imposing fees for background checks on sales of firearms was not preempted by state law). The court notes that challenging local government authority as preempted by state law is a "high bar" to overcome. *Rogue Valley Sewer Servs. v. City of Phoenix*, 357 Or 437, 454, 353 P3d 581 (2015). "Only where the legislature 'unambiguously expresses an intention to preclude local governments from regulating' in the same area governed by an applicable statute can that presumption against preemption be overcome." *Id*.

Thus, BOPTA was entitled to conclude that Plaintiff's petition was defective based on his failure to pay the filing fee in accordance with the county code. Because Plaintiff failed to appeal to BOPTA for the 2020-21 tax year, he may not appeal to this court pursuant to ORS 305.275(3).

C.      *Claim for Relief under ORS 305.288 – Tax Years 2019-20 and 2020-21*

If a taxpayer failed to appeal to BOPTA, the taxpayer may still appeal to this court for the current or past two tax years under certain circumstances. *See* ORS 305.288. For the court to order a change or correction of the assessment and tax roll under ORS 305.288, the taxpayer must meet the requirements of either of two paths. ORS 305.288(1), (3). First, this court shall order a change if the property is a particular type of dwelling and if the correct real market value differs from the tax roll real market value by 20 percent or more. ORS 305.288(1). Second, this court may order a change if the taxpayer can show "good and sufficient cause" for their failure to pursue the statutory right of appeal. ORS 305.288(3). "Good and sufficient cause" is defined as an "extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). "Good and sufficient cause" does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information." ORS 305.288(5)(b)(B).

The subject property is improved with a residence, so it may qualify as a dwelling under ORS 305.288(1)(a)(b). (Def's Mot at 12-13.) However, Plaintiff has not alleged an error equal to or greater than 20 percent in the tax roll real market value for either tax year. Plaintiff's only remaining route to relief is to show that he had "good and sufficient cause" for failing to appeal to BOPTA for the 2019-20 or 2020-21 tax year, as required by ORS 305.288(3). (*Id.*) Plaintiff has not explained or given reasons for his failure to appeal the 2019-20 tax year.

For the 2020-21 tax year, Plaintiff alleged that he did not receive notice that his BOPTA

petition was defective. However, as discussed above, Plaintiff failed to supply any evidence that BOPTA did not, in fact, mail notice to him. As the court held in *Rore*, failure to timely correct a defective BOPTA petition due to oversight does not meet the statutory definition of "good and sufficient cause". 2005 WL 1089745 at *2. Accordingly, Plaintiff's appeal of the 2020-21 tax year must also be dismissed. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

Dated this _____ day of January 2022.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on January 12, 2022.***