LITTLE ROCK JUNCTION RAILWAY CO. V. BURKE.

Decided October 18, 1890.

1. *"Overdue tax act"—Sales under—Right of infants to redeem.*

Under "the overdue tax act" of March 12, 1881, allowing only two years for redemption of land sold for taxes under decree of the court, no exception is made in favor of infants or other persons under disability.

2. *Construction—Adoption of prior statute by reference—General and special provisions.*

Where an act adopts the provisions of a prior statute by reference merely, and the statute thus referred to contains special clauses as well as general provisions, if the special clauses are not in harmony with the policy or provisions of the new act, the rule of construction is to reject the special clauses and retain the general provisions only.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

*John M. Moore* for appellant.

An infant whose land has been sold under the act to enforce the payment of overdue taxes must redeem within the time fixed by law which is two years. Sec. 11, overdue tax act, 1881; Gantt's Dig., sec. 5297. The eleventh section is to be construed with reference to the general rule, and not to the exceptions in the statute. Endlich, Int. Stat., 37, 38; 8 Flor., 278. Section 15 provides for a deed to be issued at the end of two years, which shall convey the title in fee simple, and shall be conclusive against the world. It is clear the legislature intended no exceptions. Sec. 5206, Gantt's Dig.

*P. C. Dooley* for appellee.

The right to redeem rests on the law in force when the forfeiture occurs, which in this case is the law in force when the sale was made, which is the forfeiture. 52 Ark., 132; 51 Ark., 458. The revenue act in force then allowed minors two years to redeem. Gantt's Dig., sec. 5197. Under the present law minors have the same privilege. Mansf. Dig., sec. 5772. The eleventh section provides that the owner may redeem within the *period fixed by law* for the redemption of land sold for taxes. This right has been sustained often. 41 Ark., 62; 51 Ark., 458.

COCKRILL, C. J. The controlling question in this case is this: Is an infant, whose lands have been sold under a decree rendered in pursuance of the act of March 12, 1881, to enforce the payment of overdue taxes, limited to the same period as adults in making his redemption?

The eleventh section of the act provides that "the owner of any lands thus sold may redeem from the purchaser at any

1. Sale under "overdue tax act"—Right of infant to redeem.

time within the period fixed by law for the redemption of lands sold for taxes," upon payment of the amounts adjudged against the lands.   The period fixed by law for the redemption of lands sold for taxes at the time of the sale in this case was two years from the date of the tax sale; but minors and others had two years from the removal of their disabilities to redeem.   The chancellor ruled that minors had the extended time within which to redeem from the decree under the overdue tax law.   There is this marked distinction, however, between the general law to enforce payment of taxes and the act of 1881, viz.: under the general law the officer executed a deed to the infant's land at the end of two years from the sale, notwithstanding the period of redemption had not expired, the purchaser taking a title subject to be defeated by redemption; whereas the act of 1881 provides that, if lands sold under a decree are not redeemed within the period prescribed therefor in section eleven, the court shall direct the commissioner to convey the lands "in fee simple" to the purchaser, the deed reciting that the time allowed by law for redemption had expired; and it is further provided that the deed shall "be conclusive against all the world."   Sec. 15. Now as the deed cannot issue under the act of 1881 until the period of redemption provided for in the act has expired, it would follow that no deed to an infant's land could issue until after his majority if that provision of the redemption law is adopted by the reference to it in section eleven.   But the proceeding to condemn provided by the act is in the nature of a suit *in rem*.   The owners of the delinquent lands are not made parties to the proceeding by name or personal service; and it was certainly not the intention of the legislature to throw upon the court rendering the decree the impossible task of ascertaining the identity of the land-owners and their condition under the law before conveyances should be ordered; nor to cause the purchaser to take the risk of having his deed declared void because prematurely issued, if it should

turn out that the lands belonged to one laboring under disability. On the contrary, the public exigency which gave rise to the act authorizing judicial condemnation for the non-payment of taxes, as well as the tenor of the provision of the statute, go to show that the intent was that deeds to all lands sold should issue at the end of the general period for redemption, regardless of the legal incapacity of the owner; and having issued, the effect is declared by the act—it is a deed in fee simple "conclusive against all the world"—a phrase which excludes the right of the minor to defeat it as effectually as though the legislature had followed out the language of the presidential message by adding "and the balance of mankind."

Where an act adopts the provisions of a prior statute by reference only, and the statute thus referred to contains special and particular clauses as well as general provisions; if the special clauses are not in harmony with the policy or the provisions of the new act, the rule of construction is to reject the special clause and retain the general provision only. *Ex parte Greene*, 29 Ala., 52; *Jones v. Dexter*, 8 Fla., 276. The rule, like all canons of construction, is supposed to lead most surely to the legislative intent. The policy and terms of the act in question indicate the intention to conform to the general provision as to redemption, and not to the exceptions.

2. Adoption of prior statute by reference—General and special provisions—Construction.

The appellee made his application to redeem after the general period for redemption had expired and after the deed had issued in compliance with the act. The decree in his favor must therefore be reversed, and his bill dismissed.

It is so ordered.