## HALL v. POTTER.

### Opinion delivered January 28, 1907.

OVERDUE TAX SALE—REDEMPTION BY INSANE PERSON.—A person of unsound mind whose lands have been sold to the State under decree enforcing the payment of overdue taxes pursuant to the act of March 12, 1881, and which have been subsequently sold by the State to an individual, is entitled to redeem only within two years from the date of sale.

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Fraser & Fraser,* for appellant.

If, as declared in 53 Ark. 430, the law then in force fixing the time for redemption allowed to persons under disability is a special and particular clause, even then it ought not to be held that the act of 1881 repealed it. Repeals by implication are not favored. 11 Ark. 103; *Id.* 496. A general statute will not repeal a prior particular act, unless the two acts are irreconcilably inconsistent. 29 Ark. 225. See, also, 34 Ark. 499; 48 Ark. 159; 56 Ark. 45; 50 Ark. 132; 51 Ark. 559. In this case the sale was never reported to nor confirmed by the court. There

is no judicial sale until confirmation. 4 Ark. 46; 14 Ark. 52; 33 Ark. 786; 38 Ark. 80; 47 Ark. 149; 50 Ark. 344; 53 Ark. 445.

*George W. Reed,* for appellee.

One who applies to redeem must admit the regularity of the forfeiture and tax sale. 71 Ark. 117.

This case is controlled and fully settled by the decision in *Railway v. Burke,* 53 Ark. 430. Confirmation of an overdue tax sale was not required by the act of 1881 to be made after the expiration of two years from date thereof—the period allowed for redemption. 55 Ark. 37. Moreover, appellant can not now for the first time urge a failure of confirmation. The act contained no exceptions in favor of those under disability. 51 Ark. 453; 53 Ark. 430.

McCulloch, J. The only question involved in this appeal is whether a person of unsound mind, whose lands have been sold to the State under decree enforcing the payment of overdue taxes pursuant to the act of March 12, 1881, and which have been subsequently sold by the State to an individual, can redeem said lands from sale.

It was decided by this court in *Railway v. Burke,* 53 Ark. 430, that the right of an infant, whose lands had been sold to an individual under such decree, was limited to two years from date of sale, the same period allowed to adults in making such redemption. Section 11 of the act of March 12, 1881, provided that lands sold under such decrees might be redeemed from the purchaser "at any time within the period fixed by law for the redemption of lands sold for taxes," and the court construed this provision, in connection with another section of the act directing the commissioner of the court to execute to the purchaser a deed "conveying the land bought by him in fee simple" as soon as the period of redemption prescribed in the act should expire, to limit the right of redemption of persons under disability to the same period.

Section 13 of the act provides that in case of a sale to the State the owner might redeem within the time prescribed in section 11 of the act, by making payment, etc., to the State Treasurer.

It follows that, so far as the act of March 12, 1881, is concerned, the time for redemption provided therein from sale to the State under decrees is the same as from sales to individuals, and that the right of redemption of persons under disability at the time of the sale is limited to two years, the time allowed to adults not under disability.

By the terms of another statute then in force persons under disability were allowed to redeem lands forfeited to the State for nonpayment of taxes, but the right expired by express language of the statute when the State disposed of the lands. Act March 14, 1879.

It is contended that the sale under the decree was never confirmed by the court, but this question was not raised by the pleadings, and can not be raised here for the first time. The complaint attacked the validity of the decree in the overdue tax suit on other grounds; but the attack was abandoned, and the plaintiff relied entirely on the right to redeem from the sale.

Affirmed.