FRIENDS OF CHILDREN, INC. *v.* Randall MARCUS, et ux.

CA 93-101                                      876 S.W.2d 603

Court of Appeals of Arkansas
Division II
Opinion delivered June 1, 1994

58

*Rose Law Firm*, by: *Kenneth R. Shemin* and *Sammie P. Strange, Jr.*, for appellant.

*Robert A. Newcomb*, for appellees.

JOHN E. JENNINGS, Chief Judge. Appellant, Friends of Children, Inc., is a nonprofit corporation doing business in the State of Arkansas. The appellees, Randall and Diane Marcus, are residents of Potomac, Maryland. In the fall of 1990 appellees contacted American Friends of Children, Inc., also a nonprofit corporation, seeking to adopt a child. The child that was ultimately delivered to the Marcuses was born May 23, 1991, in New York City, was moved to Washington, D.C., and was placed in foster care by American Friends of Children. The child was later transferred by American Friends of Children to Friends of Children and transported to the State of Arkansas.

On July 5, 1991, the Marcuses met with John Rushing, assistant executive director of Friends. They signed a Placement Agreement, the child was delivered to the Marcuses, and the parties immediately obtained an interlocutory decree of adoption in the Pulaski County Probate Court. Almost immediately, Mrs. Marcus noticed what she believed were signs that the child was not "normal" and "healthy." Friends was notified and the child was examined by a series of physicians both in Arkansas and in Washington, D.C. While, as the trial court pointed out, the evidence was in conflict, there was evidence that the child had a neurological impairment and might have cerebral palsy.

On August 15, 1991, an agreed order was entered in probate court dissolving the interlocutory decree of adoption. The order provided, in part:

> Friends of Children is revested with the right to place said child for adoption. The claims either the petitioners or Friends of Children may have against each other are not settled with this order.

In December 1991, the Marcuses filed suit against Friends seeking "rescission" and restitution of the $25,000.00 fee they had paid to adopt the child. The complaint alleged that the appellant

had committed fraud by concealing certain medical information about the child.

In July of 1992, the child was placed for adoption once again and Friends collected a placement fee of $28,000.00 from the new adopting couple.

There was evidence at trial that the literature provided by the appellant stated that it placed for adoption "healthy white infants," and that the appellees were told that if the adoption did not go through their money would be refunded. The trial court found that the appellees had told the appellant that they preferred that the child's birth mother have no history of alcohol or drug abuse. While the chancellor found that appellant was aware that the birth mother had used alcohol and marijuana occasionally during the early months of her pregnancy and that this information was not provided to the appellees, no fraud was proven because the appellees' concern was with drug abuse, not mere use.

The chancellor did find, however, that the appellant had been unjustly enriched "by being in possession of placement fees from two adopting couples for the same child." The court awarded the appellees judgment for $22,300.00 plus attorneys' fees.

On appeal, Friends contends that the chancellor erred in finding that it had been unjustly enriched and erred in allowing attorneys' fees. We affirm on the first point, but must reverse on the second.

Initially appellant argues that since the court did not specifically order the contract rescinded, restitution is inappropriate. But many transactions may be judicially avoided without mention of rescission by the simple decision to award some form of restitution. Dan B. Dobbs, *Handbook on the Law of Remedies* § 4.3 at 254 (1973). In the case at bar the contract between the parties, the Placement Agreement, was fully executed. By the agreed order entered in probate court the Marcuses returned to Friends that which they had received under the contract, the child. This is at least analogous to rescission at law. *See Maumelle Co. v. Eskola*, 315 Ark. 25, 865 S.W.2d 272 (1993); *Savers Fed. Sav. & Loan Ass'n* v. *First Fed. Sav. & Loan Ass'n*, 298 Ark. 472, 768 S.W.2d 536 (1989).

Appellant also contends that "the doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract," citing, inter alia, *Lowell Perkins Agency v. Jacobs*, 250 Ark. 952, 469 S.W.2d 89 (1971). In *Jacobs*, the plaintiff bought a low-mileage used car from an automobile dealer, signing a contract and a promissory note to finance it. The next day the plaintiff learned she would have to pay sales tax of $86.00 on the car. She returned the car and declined to make the payments on the note because she felt that the salesman should have told her she had to pay the sales tax.

In reversing the trial judge's award of restitution the supreme court stated, "There can be no 'unjust enrichment' in contract cases." It is clear, however, that the court recognized its statement merely as a general rule: "It is generally held that where there is an express contract the law will not imply a quasi or constructive contract." *Jacobs*, 250 Ark. at 959 (quoting 17 C.J.S. *Contracts* § 6 at 574). The mere fact that there is a contract between the parties does not prevent the grant of restitution in an appropriate case. Appropriate cases include those in which there has been a rescission at law, *see e.g., Maumelle Co. v. Eskola*, 315 Ark. 25, 865 S.W.2d 272 (1993); where a contract has been discharged by impossibility or frustration of purpose, 1 George E. Palmer, *The Law of Restitution* § 1.7 at 42 (1978); or where the parties to a contract find they have made some fundamental mistake about something important in their contract. Dobbs, *supra*, § 4.3 at 256.

In *Frigillana v. Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979), the court said that in unjust enrichment cases "the simple, but comprehensive, question is whether the circumstances are such that equitably defendant should restore to plaintiff what he has received[,]" (quoting 77 C.J.S. *Restitution* 322). The *Restatement of Restitution* § 1 states simply, "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." An action based on unjust enrichment is maintainable in all cases where one person has received money under such circumstances that, in equity and good conscience, he ought not to retain it. *Frigillana, supra* at 307. The remedy is neither given nor withheld automatically, but is awarded as a matter of judgment. *See* Dobbs, *supra*, § 4.3 at 256; *Frigillana*, 266 Ark. at 306.

In the *Jacobs* case the contract was executory and the plaintiff had no reasonable basis to rescind. Any "enrichment" of the automobile dealer was therefore not unjust. In the case at bar the parties effectively rescinded the transaction by agreement, and the appellees had fair reason for their dissatisfaction. Under the facts of the case at bar the award of restitution in equity was at least discretionary. We find no abuse of discretion.

Friends also contends that an award of restitution is barred by exculpatory clauses in its Placement Agreement:

> (8) We hereby release and discharge Friends of Children, Inc., its officers, its agents, and employees from any and all liability and claims we have or may have based on events, conduct or misconduct or failure to act from the beginning of time to present.

> (9) We hereby release and discharge American Friends of Children, a Washington, D.C. nonprofit corporation, its officers, agents and employees from any and all liabilities and claims we have or may have based on any events, conduct or misconduct or failure to act from the beginning of time to present.

We agree with the chancellor that the exculpatory clauses will not prevent an award of restitution. The clauses, by their own terms, relate to liability based on events occurring at or before the time the Placement Agreement was signed. Restitution in this case is based on events occurring after the contract was executed, such as the discovery of the child's neurological deficit, the agreement between the parties to dissolve the interlocutory decree of adoption, the agreement of the Marcuses to return the child, and the subsequent placement of the child by Friends. Furthermore, fault is not a prerequisite to an award of restitution. *See* Dobbs, *supra*, §§ 4.3 and 4.4.

Finally, we must agree with appellant's argument that the chancellor's award of attorneys' fees to the appellees was error. The rule in Arkansas is that attorneys' fees are not awarded unless expressly provided for by statute or rule. *Security Pacific Housing Services, Inc.* v. *Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993). The only possible basis for an award of attorneys' fees here is Ark. Code Ann. § 16-22-308 (1989 & Repl. 1994):

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The case at bar was an action in equity seeking restitution. The appellees argue that since unjust enrichment is based on the concept of "quasi-contract," the cause of action will fit as a suit on a contract under the statute. But the implied-in-law contract, or quasi-contract, is indeed no contract at all; it is simply a rule of law that requires restitution to the plaintiff of something that came into defendant's hands but belongs to the plaintiff in some sense. Dobbs, *supra*, § 4.2 at 235. We conclude that there was no authority for an award of attorneys' fees in this case. Our decision in this regard renders moot the appellees' argument on cross-appeal that the attorneys' fees awarded were inadequate.

For the reasons stated the chancellor's award of restitution is affirmed, but his award of attorneys' fees is reversed.

Affirmed in part; Reversed in part.

PITTMAN and COOPER, JJ., agree.