Katherine BARNHART, for Herself and All Others Similarly Situated *v.* CITY of FAYETTEVILLE, Arkansas; City of West Fork, Arkansas; Washington County, Arkansas; Northwest Arkansas Resource Recovery Authority; Union National Bank of Little Rock, Arkansas; and Financial Guaranty Insurance Company

97-1524                                    977 S.W.2d 225

Supreme Court of Arkansas
Opinion delivered November 5, 1998

58

*Karen Pope Greenaway*, for appellant.

*Cravath, Swaine & Moore*, by: *Robert H. Baron* of counsel.

*George E. Butler*, for appellee Washington County, Arkansas.

*Friday, Eldredge & Clark*, by: *Larry W. Burks*, for appellees Financial Guaranty Insurance Company and Union National Bank of Little Rock.

*Jerome J. Paddock*, for appellee City of West Fork.

T OM GLAZE, Justice. This class-action suit was commenced by Katherine Barnhart and others on August 29, 1989. Barnhart alleged that a Fayetteville ordinance levying a

sanitation charge on city residents to pay a bonded indebtedness owed by the Northwest Resource Recovery Authority (Authority) was an illegal tax and exaction. While the trial court ruled the charge was valid as a fee, we disagreed and held the surcharge was an illegal tax. *See Barnhart v. City of Fayetteville, Ark.*, 321 Ark. 197, 900 S.W.2d 539 (1995) (*Barnhart I*). We further held that, in a waste-disposal agreement, Fayetteville had agreed to pay, with revenue generated by the Authority, the outstanding bonded indebtedness of the Authority without regard to whether the Authority unilaterally terminated sanitation services before the bonds were paid, and that the city's authority to contract for the purchase of a service does not carry with it the power to incur long-term obligations for which no services may be supplied. *Id.* In sum, we said that the agreement was not a contract for the purchase of sanitation services but instead was a contract to pay long-term obligations of a separate governmental entity even when the city would not receive sanitation services. *Id.* We also concluded that Fayetteville was without authority to levy a fee that was to pay the long-term debt of the Authority and the ordinance imposing such a fee or charge was unlawful. *Id.*; *see also* Ark. Const. art. 16, § 1. Thus, we held that the agreement was *ultra vires* and void, *Barnhart I*, 321 Ark. at 206, and reversed the trial court's decision which had upheld the sanitation charge as a valid fee. We remanded the case for further proceedings.

Upon remand, the parties entered into a settlement in December 1995, which, among other things, awarded Barnhart attorney's fees in the approximate sum of $2.7 million. These fees were awarded under Ark. Code Ann. § 26-35-902(a) (Repl. 1997), which authorizes attorney's fees to winning litigants in illegal-exaction cases.[1] Not entirely satisfied with this award, Barnhart moved that she be awarded additional attorney's fees in the

---

[1] Section 26-35-902 provides as follows:

(a) It is the public policy of this state that circuit and chancery courts may, in meritorious litigation brought under Arkansas Constitution, Article 16, § 13, in which the court orders any county, city, or town to refund or return to taxpayers moneys illegally exacted by the county, city, or town, apportion a reasonable part of the recovery of the class members to attorneys of record and order the return or refund of the balance to the members of the class represented.

amount of $3 million under Ark. Code Ann. § 16-22-308 (Repl. 1994 ). Section 16-22-308, in relevant part, says that the prevailing party may be allowed a reasonable attorney's fee in an action on a contract relating to the purchase of services or breach of contract.[2] Barnhart claimed that her prior illegal-exaction lawsuit was against Fayetteville only, but that her original action also included a breach of contract action against the other litigants which should entitle her to additional fees under § 16-22-308.

The trial court rejected Barnhart's request for the additional attorney's fees, finding that our decision in *Barnhart I* established that the contract between the governmental entities was void and amounted to a rescission. As a result, the trial court held that, because there was no contract to be breached, the attorney's fees statute § 16-22-308 did not apply. The trial court further stated that Barnhart's mere contention that her action "concerned a contract" did not make it an action on a contract or a breach of contract action entitling her to additional fees. We believe the trial court was correct.

Barnhart's main point for reversal is that the trial court erred in dismissing her amended petition because it failed to state facts upon which relief for attorney's fees could be awarded under § 16-22-308. She claims our decision in *Barnhart I* supports her argument because we held the waste-disposal agreement entered into between Fayetteville and the Authority was void and, thus, was breached by the governmental entities. She says that in successfully defending against the agreement's enforcement, she was the prevailing party and was entitled to attorney's fees under § 16-

---

(b) If, after expiration of a reasonable period of time for the filing of claims for the illegally exacted moneys as ordered by the court, residual funds exist, said residual funds shall be deemed abandoned and escheat to county, city, or town which exacted same.

[2] Section 16-22-308 in its entirety states the following:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

22-308. Barnhart additionally argues that, although she previously sought refund of an illegal exaction, her underlying and primary basis for the action was in contract because she also sought to prevent enforcement of the governmental entities' waste-disposal agreement. In sum, she submits that she and the other ratepayers were successful in two ways — one, by proving Fayetteville's ordinance was an unlawful tax exaction, and, two, in demonstrating the waste-disposal agreement was invalid. She argues the agreement's validity and enforceability were the central issues in this lawsuit, and, as the prevailing party on these issues, she is permitted attorney's fees under § 16-22-308. We disagree with Barnhart's arguments for at least two reasons.

█ First, while Barnhart contends that her case against Fayetteville and the other governmental entities was based primarily on contract, her complaint prayed that the exaction of revenue arising from Fayetteville's ordinance establishing sanitation surcharges on city residents was an illegal exaction prohibited under Ark. Const. art. 16, § 13. Barnhart's complaint made no specific claim for damages resulting from a contract breach. It is likely that Barnhart made no such contract claim because she was not a party to the contract.

█ Second, even if Barnhart had been a party to the agreement or contract in controversy, she failed to raise any breach of contract or damages issues in her earlier case or appeal. As we held recently in *Vandiver v. Banks*, 331 Ark. 386, 962 S.W.2d 349 (1998), on second appeal, as in this case, the decision of the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented. Stated in other terms, the doctrine of the law of the case prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless the evidence materially varies between the two appeals. *Id.*

█ Here, we essentially are faced with the same case we had in *Barnhart I*, but Barnhart now attempts to re-characterize her prior suit. Regardless of how she now tries to label her lawsuit, Barnhart previously sought to show that Fayetteville imposed an illegal tax on its residents when enacting an unlawful ordinance

intended to fund an unlawful agreement, and she requested that ordinance be adjudged an illegal exaction. This allowed her attorney's fees under § 26-35-902, not § 16-22-308. It is too late now for Barnhart to re-characterize her suit (assuming she could) as one for breach of contract in order to trigger an attorney's fee award under § 16-22-308.

Barnhart submits a second argument for reversal, but we dispose of it quickly. Barnhart claims that, before the trial court entered its order denying her petition for attorney's fees, she filed a timely amended petition, but the trial court erred by refusing to hold a hearing or to make a ruling on her amended petition. Instead, the trial court filed the order it had previously signed and had asked (to no avail) Barnhart's counsel to enter. However, even if the trial court had erred by declining to hear or rule on Barnhart's amended petition, a question we do not reach, that error would not be grounds for reversal because it was harmless. *See McCoy Farms, Inc. v. McKee*, 263 Ark. 20, 563 S.W.2d 409 (1978) (a trial court's exercise in discretion in a matter of practice and procedure should not be reversed where there has been no prejudice to the complaining party in the ultimate result).[3]

■ In short, the trial court rejected Barnhart's initial petition and characterization of her action as being primarily based on contract. Nonetheless, Barnhart adhered to her same theory of the case when she amended her petition and reframed her fee petition in different words and added a court of appeals' citation, *Meyer v. Riverdale Harbor*, 58 Ark. App. 91, 947 S.W.2d 20 (1997) (where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract). As we held above, the trial court was correct in rejecting Barnhart's characterization of her suit as being primarily based in contract, and Barnhart's petition, as amended, fails to aid her argument. Thus, we affirm on this

---

[3] We note that Fayetteville and the other appellees offer numerous other procedural arguments as to why the trial court was correct in denying Barnhart's amended petition, but it is unnecessary to discuss them, since we agree with appellees that they should win on the merits.

point because Barnhart's amended petition offered no factual or legal assertions that in any way remedied her original fee petition.

Affirmed.

IMBER, J., not participating.