Richard J. HUDSON and Erma J. Hudson, Husband and Wife  *v.*
Emile HILO and Jennifer M. Hilo, Husband and Wife

CA 04-57                                          198 S.W.3d 569

Court of Appeals of Arkansas
Opinion delivered November 17, 2004

[Rehearing Denied December 15, 2004.]

*Rice & Adams*, by: *Ben E. Rice*, for appellants.

*Hartsfield, Almand & Dennison, PLLC*, by: *Larry J. Hartsfield*, for appellees.

WENDELL L. GRIFFEN, Judge. Appellants Richard and Erma Hudson appeal the Pulaski County Circuit Court's award of $3,019.55 in damages and $2,750 in attorney fees to appellees Emile and Jennifer Hilo in what turned into a contract-rescission case. They argue (a) that the trial court erred in awarding damages for betterments when there was no proof of the value of the betterments and (b) that the judgment for attorney fees was also improper. The appellees argue that the trial court's decision was correct despite its misplaced analysis, that the award of damages was proper, and that the award of attorney fees should be upheld. We hold that the trial court properly awarded damages to the appellees based on the cost of improvements made to the property, but that the trial court improperly based its decision on the Arkansas Betterment Act, Ark. Code Ann. § 18-60-213 (Repl. 2003). We also hold that the trial court's award of attorney fees to the appellees was permissible because appellees incurred legal expenses in defending a foreclosure action arising from a real-estate-installment note. Thus, we affirm.

*Background Facts*

The Hudsons executed a warranty deed on property in Pulaski County from themselves to the Hilos on April 24, 2001. The Hilos signed a real-estate-installment note for $26,500 at 8% interest. Payments were to be made in $400 installments starting in April 2001. The note was secured with a mortgage. The Hilos made several improvements to the property, including carpeting, linoleum, floor replacement, ceiling fans, sheet rock, vanity lights, a water heater, pipes, and landscaping.

On September 27, 2002, the Hudsons filed a complaint for foreclosure, alleging that the Hilos had stopped making payments on the note and were in default. The Hilos answered by admitting that they did not make payments; however, they counterclaimed for rescission of the contract, alleging that the Hudsons made incorrect statements on a disclosure statement. The Hilos alleged a misrepresentation when the Hudsons erroneously stated that the septic system and other utilities were not shared with any adjoining property owner when in fact the septic system was on the neighbor's land.

At trial, Jennifer Hilo testified that she and her husband spent $6,530 on improvements to the property. No one testified that those improvements added to the value of the property. Mrs. Hilo also testified that appellees paid $500 for the down payment and $389.55 in closing costs, that they made eighteen payments of $400, and that they occupied the property for twenty-nine months. The parties disputed the fair rental value of the property, with the Hudsons placing that value at $400 and the Hilos at $200.

The circuit court found that the Hudsons made a material misrepresentation about the location of the septic lines, but that the misrepresentation did not rise to the level of being fraudulent. The circuit court rescinded the contract and declared the Warranty Deed and Mortgage null and void. The circuit court also dismissed the foreclosure complaint and awarded the Hilos $3,019.55 in damages. On subsequent motion, the circuit court awarded the Hilos $2,750 in attorney fees.

On July 3, 2003, the Hudsons asked for findings pursuant to Ark. R. Civ. P. 52 regarding the judgment. They also asked the circuit court to set aside the judgment. While the court declined to set aside the judgment, it issued the following findings:

> 1. The defendants expended $6,530.00 for repairs and improvements to the real property.

2. The defendants made a down payment of $500.00.

3. The defendants paid closing costs in the amount of $389.55.

4. The defendants paid eighteen (18) payments of $400.00.

5. The defendants occupied the real property for 29 months.

6. The reasonable rental value of the real property, with repairs, was $400.00 a month.

This appeal followed.

### Analysis

We review traditional cases of equity *de novo* and will not reverse factual findings by the trial court unless they are clearly erroneous. *McAdams v. McAdams*, 353 Ark. 494, 109 S.W.3d 649 (2003).[1] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Murphy v. City of West Memphis*, 352 Ark. 315, 1001 S.W.3d 221 (2003). However, a trial court's conclusion of law is given no deference on appeal. *Id.*

The Hudsons argue that the trial court erred in awarding damages based on the cost of the improvements to the property. They contend that the award for betterments under the rescinded contract was erroneous because there was no proof as to the value of the betterments. The Hilos argue that the court erred in characterizing the improvements as betterments, but that the court reached the correct result for the wrong reason.

The remedy under the Arkansas Betterment Act is based on the value of the improvement to land, as the Hudsons stated in their brief.[2] *See Smith v. Nelson*, 240 Ark. 954, 403 S.W.2d

---

[1] Rescission is a remedy cognizable in equity. *See Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 256, 984 S.W.2d 425 (1998); *Maumelle Co. v. Eskola*, 315 Ark. 25, 865 S.W.2d 272 (1993).

[2] The Betterment Act reads, in pertinent part:

(a) If any person believing himself or herself to be the owner, either in law or equity, under color of title has peaceably improved, or shall peacefully improve, any land

99 (1966). However, the Betterment Act applies in cases where a party, believing himself to be the owner of land and under color of title, peacefully improves land later discovered to belong to another. *Riddle v. Williams*, 204 Ark. 1047, 66 S.W.2d 893 (1942). In this case, the Hilos made improvements to land that they purchased under an installment contract, not land that actually belonged to others. The Betterment Act is inapplicable in such cases.

In their reply brief, the Hudsons rely on *Massey v. Tyra*, 217 Ark. 970, 234 S.W.2d 759 (1950), for the proposition that the proper measure of damages is not the cost expended on the improvements, but the increase in value to the property after the improvements. *Massey v. Tyra, supra*, is not a case involving the application of the Betterment Act. Rather, it involves damages stemming from a misrepresentation concerning the water supply on the land and the buyer's reliance that the water supply would be adequate enough to open a restaurant. Accordingly, the measure of damages provided in the Betterment Act is the wrong measure of damages. Moreover, the improvements made by the Hilos were made in reliance on the Hudsons' misrepresentation that formed the basis for the rescission. In *Massey, supra*, the supreme court awarded the buyer $509.68, the cost expended on the well on the property, because it found that the expenditure "was a direct and reasonably foreseeable result of defendants' misrepresentation, and recovery on account of it should be allowed." *Id.* at 977, 234 S.W.2d at 763.

■ ■ In the present case, the trial court granted the remedy of rescission. As we have stated in the past, "It is generally recognized that in an action for rescission of a contract in a court of equity, the court applies equitable principles in an attempt to restore the status quo or place the parties in their respective positions at the time of the sale." *Riley v. Hoisington*, 80 Ark. App. 346, 355, 96 S.W.3d 743, 749 (2003) (quoting *Cardiac Thoracic & Vascular Surgery, P.A. Profit Sharing Trust v. Bond*, 310 Ark. 798, 840

---

which upon judicial investigation shall be decided to belong to another, the value of the improvement made as stated and the amount of all taxes which may have been paid on the land by the person, and those under whom he or she claims, shall be paid by the successful party to the occupant, or the person under whom, or from whom, he or she entered and holds, before the court rendering judgment in the proceedings shall cause possession to be delivered to the successful party.

S.W.2d 188 (1992)). Based on these principles, it follows that the Hudsons must return all monies that the Hilos spent on the house, including money spent on improvements, where the contract has been rescinded.

We are affirming the judgment even though the trial court reached the proper result using the wrong reasoning. *See Faulker v. Arkansas Children's Hospital*, 347 Ark. 941, 69 S.W.3d 393 (2002). However, the Hudsons argue that this court should not affirm the judgment on alternate grounds. They cite *Simmons First National Bank v. Wells*, 279 Ark. 204, 650 S.W.2d 236 (1983), and argue that "it was held that because a statute was not argued to the trial court, evidence relevant to the statute was not sufficiently developed for the [s]upreme [c]ourt to apply the rule that it will affirm the trial court if a correct result is reached, even if reached on an erroneous theory." However, the evidence needed to properly calculate damages in this case, the cost of the improvements, was testified to by Jennifer Hilo. We have all the relevant evidence necessary to affirm the trial court's decision in a rescission case.

■ The Hudsons also cite *Hall v. Potter*, 81 Ark. 476, 99 S.W. 687 (1907), for the proposition that "a ground of relief not raised by the pleadings or in the lower court cannot be considered on appeal." The Hudsons argue that the Hilos only asked for "all expenses incurred in connection with the purchase of the aforementioned property." However, the Hilos asked for those expenses as well as attorney fees, costs, and "for all other proper relief to which [they] may be entitled."[3] Because the cost of improvements is a proper measure of recovery in contract-rescission cases, we affirm.

■ The Hudsons also argue that the court erred in awarding attorney fees to the Hilos. In Arkansas, a court cannot award attorney fees unless they are expressly provided for by statute or

---

[3] There was also an attempt to amend the pleadings to conform to the evidence when the Hudsons objected to evidence of the cost of the improvements. The court took the matter under advisement and allowed the testimony. Had the trial court sustained the objection and not allowed the evidence, then it would have run afoul of Ark. R. Civ. P. 15(b) ("If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion."). *See also King v. State, Office of Child Support Enforcement*, 58 Ark. App. 298, 952 S.W.2d 180 (1997) (finding no abuse of discretion when the court heard a statute of limitations issue when the parties discussed it extensively at a hearing).

rule. *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 876 S.W.2d 603 (1994). Both parties agree that Ark. Code Ann. § 16-22-308 (Repl. 1999), which allows for attorney fees in cases involving various actions such as breach of contract and negotiable instruments, does not allow attorney fees in contract rescission cases. *See Barnhart v. City of Fayetteville*, 335 Ark. 57, 977 S.W.2d 225 (1998); *Friends of Children, Inc., supra.* However, this case began as a proceeding to foreclose on a home and enforce a promissory note. The Hilos defended the suit by alleging grounds for rescission and prevailed on those grounds. We find that under these facts, the Hilos were the prevailing party in a foreclosure action, entitling them to attorney fees. Therefore, we affirm the award.

Affirmed.

CRABTREE and BAKER, JJ., agree.