SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-601

| | | |
|---|---|---|
| | | **Opinion Delivered** May 13, 2015 |
| CARLEAN CANADY | | |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CV-2013-25] |
| V. | | |
| | | HONORABLE DAVID H. McCORMICK, JUDGE |
| PETIT JEAN STATE BANK | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Carlean Canady appeals from an order denying her claim against the appellee, Petit Jean State Bank, for the value of improvements that she made to certain real property. She contends that the trial court erred in holding that the Betterment Act, Arkansas Code Annotated section 18-60-213 (Repl. 2003), did not apply to her situation. Alternatively, she argues that the trial court erred in not ruling on and applying her alternative theory of common-law unjust enrichment to compensate her for the increase in value that she brought to the subject property. We affirm.

In April 2011, appellee bank obtained a judgment and foreclosure decree against Juan and Martha Gomez as a result of their default on a loan secured by certain real property in Conway County, Arkansas. It is undisputed that the judgment was recorded by the circuit clerk. The property was sold at auction, leaving a substantial deficiency after the sale proceeds were applied to the judgment debt. In December 2011, the Gomezes contracted to sell a

separate tract of real property owned by them in Conway County to appellant, Carlean Canady. A contract and warranty deed were executed at that time but were not recorded. Appellant did not perform a title search on the property, which would have disclosed the judgment lien. In October 2012, appellant began making improvements to an existing house on the property. She then recorded her warranty deed in December 2012.

In an effort to collect the deficiency owed on the judgment, appellee filed in April 2013 its petition seeking, *inter alia*, to have the priority of its judgment lien established, to force a sale of the property that appellant had purchased from the Gomezes, and to have the proceeds distributed. Appellee claimed that the lien of its judgment against the Gomezes attached to all of their real property in the county from the date that the judgment was recorded, Arkansas Code Annotated section 16-65-117(a) (Supp. 2013), and that appellant, who purchased the property in question from the Gomezes subsequent to the filing of the judgment, took title subject to the judgment lien. Appellant answered and filed a counterclaim against appellee for relief under the Betterment Act and a cross-claim against the Gomezes for damages for fraud or breach of their warranty of good title. After a bench trial, the circuit court ruled that, although appellant had made substantial improvements to the property, appellant took title subject to the lien of appellee's judgment and that the Betterment Act did not apply under the circumstances presented. The court did grant appellant permission to remove any improvements that had not become affixed to the realty. Noting the expense and inconvenience of removing improvements only to have to restore them in the event that appellant were to win an appeal on the applicability of the Betterment

SLIP OPINION

Act, the trial court found no just reason for delay of an immediate appeal of that issue and issued a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) directing that the judgment be final as to that issue.

Arkansas Code Annotated section 18-60-213, commonly known as the Betterment Act, provides in part as follows:

> (a)  If any person believing himself or herself to be the owner, either in law or equity, under color of title has peaceably improved, or shall peaceably improve, any land which upon judicial investigation *shall be decided to belong to another*, the value of the improvement made as stated and the amount of all taxes which may have been paid on the land by the person, and those under whom he or she claims, shall be paid by the successful party to the occupant, or the person under whom, or from whom, he or she entered and holds, before the court rendering judgment in the proceedings shall cause possession to be delivered to the successful party.

(Emphasis added.)  Here, the trial court held that the Act was inapplicable to appellant's claim against appellee for the value of her improvements to the property because the property did not belong to appellee but was, in fact, owned by appellant herself in fee simple.  Appellant contends that the trial court erred in so reading the Act.  Appellant argues that the holder of a judgment lien should be treated as an owner of the real property for the purposes of the statute.  We find no error on this point.

The statute by its terms provides protection to one who believes herself to be the owner of property that is later discovered to actually "belong to another."  The remedy provided by the Betterment Act is against the true owner of the property.  The Act does not apply to improvements made to land that is owned by the one making the improvements. *Hudson v. Hilo*, 88 Ark. App. 317, 198 S.W.3d 569 (2004); *see Miletello v. Pugh*, 2010 Ark.

3

App. 528. Nor can we agree with appellant that a judgment lienholder is an owner. As a general rule,

> the judgment lien is merely a charge upon the property, or a security for the judgment debt; it is a right given the judgment creditor to subject the property to the satisfaction of the judgment debt. It does not affect the title of the judgment debtor. A judgment creditor has no estate or property interest in the land upon which the judgment has become a lien. The judgment creditor stands upon the law, which gives him a remedy for the collection of the debt by a sale of the land under execution. Accordingly, a property, estate, or right in the land itself does not exist by virtue of the lien of a judgment.

46 Am. Jur. 2d *Judgments* § 362 (1994) (citations omitted). We hold that the trial court correctly determined that the Betterment Act is inapplicable to appellant's claim against appellee.

Appellant next contends that the trial court erred in not affording her any relief, independent of the Betterment Act, pursuant to traditional notions of unjust enrichment. We do not address this issue because it is not preserved for appeal.

In order to preserve an issue for appeal, an appellant must raise the issue in the trial court and obtain a ruling on it. *Temco Construction, LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651. We will not presume a ruling from the trial court's silence on an issue. *Id.*; *White v. Davis*, 352 Ark. 183, 99 S.W.3d 409 (2003). While appellant arguably raised this alternative theory of relief in her counterclaim, she concedes throughout her brief on appeal that the trial court never ruled on it. Moreover, several weeks before entry of the order appealed from, the court entered an order detailing its decision on appellee's petition and appellant's counterclaim. That first order was identical to the order appealed from, except for the Rule 54(b) discussion that appears in the second order. Two weeks after that first order, appellant,

with the court's permission, filed a posttrial brief in which she argued that she was entitled to relief under the Betterment Act. She referenced the Act at least twenty times in that brief. While she uttered some form of the term "unjust enrichment" twice in the seven-page brief, both references occurred only in the context of her argument that to deny her relief under the Betterment Act would be to allow the appellee to be unjustly enriched.[1] Therefore, despite being given and actually taking advantage of the opportunity to respond or object to the trial court's announced decision in the case, appellant did not point out that the court had failed to rule on her alternative theory of common-law unjust enrichment and did not seek a ruling on that issue. And, in any event, as appellant concedes, she obtained no ruling on the question. Under these circumstances, we conclude that appellant's alternative theory for relief was not preserved for appeal. *See Temco Construction, LLC*, *supra*.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellant.

*Howard C. Yates, P.A.*, by: *Howard C. Yates*, for appellee.

---

[1]As appellant acknowledges, betterment statutes exist for the purpose of providing restitutionary relief in a narrow class of unjust-enrichment cases. *See* Restatement (Third) of Restitution and Unjust Enrichment § 10 cmt. b (2011). Therefore, mere use of the term "unjust enrichment" in the context in which appellant used it in her posttrial brief could have been seen by the trial court as relevant only to her Betterment Act argument.