## HOUCK *v.* STATE TAX COMMISSION

Mr. Peter M. Gunnar, Salem, represented the plaintiff.

Mr. Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Demurrer overruled November 9, 1966.

EDWARD H. HOWELL, Judge.

This case arises out of the defendant commission's dismissal of plaintiff's appeal involving the valuation of certain property owned by plaintiff in Marion County. The defendant has demurred to plaintiff's complaint in this court on the grounds that the complaint does not state a cause of suit.

Plaintiff alleges that it was dissatisfied with the Marion County Assessor's valuation of certain personal property and petitioned the Marion County Board of Equalization to review the assessment. The board refused to consider plaintiff's petition on the grounds that the petition was insufficient. The plain-

tiff then appealed to the defendant commission requesting them to set aside the assessment and determine the valuation of the property involved. The defendant dismissed plaintiff's petition for lack of jurisdiction on the grounds that plaintiff had failed to exhaust its statutory remedy because "valuation questions must first be filed with and appealed to the County Board of Equalization, pursuant to the requirements of ORS 309.100, before appeal to and review by the State Tax Commission;  *  *  *."

Plaintiff did attempt to appeal to the Marion County Board of Equalization. However, the board failed to consider the petition because they believed it insufficient and consequently the board did not issue an order. The absence of any order acting on plaintiff's petition prevented plaintiff from appealing to the tax commission under the provisions of ORS 306.515. The board, if it considered plaintiff's petition to be insufficient for failure to meet the requirements mentioned in ORS 309.100, should have issued an order denying or rejecting the petition for that reason so that the plaintiff could have appealed that decision to the State Tax Commission or the Tax Court by following the procedure stated in ORS 306.515. The board should not be entitled to prevent an appeal either to the tax commission or this court by failing to take any action whatsoever on a petition filed with it.

The petition was not defective and the board of equalization and the defendant should have considered it. The plaintiff used a printed form supplied by the board of equalization. Most of the form is devoted to appeals in real property cases and consequently was inapplicable in plaintiff's case.

In that part of the form for use in the valuation

of personal property the form provided and plaintiff stated:

## "PERSONAL PROPERTY

"1. Give nature, description and assessed valuation of the personal property, which is the subject of this petition.

"Construction machinery that is being assessed at a higher value than any of the other Oregon counties in which we have personal property. Differences are depreciation schedules, and the opinion of what is real property and what is Personal Property."

The above seems to be sufficient to satisfy the applicable portion of ORS 309.100 which requires the petition to state the facts and the grounds upon which the application is made. It was sufficient to entitle plaintiff to a hearing.

While the plaintiff could not appeal to the tax commission (and eventually to this court) under ORS 306.515 because of the absence of an order by the board of equalization, it is entitled to appeal under the provisions of ORS 306.520. This statute provides in effect for an appeal to the tax commission and the Tax Court by any taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property and for which there is no other statutory remedy.

■ While it may be argued that the act or omission mentioned was that of the board of equalization instead of the assessor or tax collector, still the initial dispute in this case arose between plaintiff and the ·assessor concerning the valuation of plaintiff's property. Plaintiff has been "aggrieved by an act or omis-

sion of a county assessor" and entitled to appeal to the Tax Commission and this court under ORS 306.520.

The defendant's demurrer is overruled and the cause is remanded to the defendant commission with directions to take jurisdiction of plaintiff's petition and determine the issues of value and assessment raised therein.

Costs to neither party.