IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ALEKSANDR SHEVTSOV, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 210078N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed June 9, 2021. Defendant stated its intention to file the Motion during the case management conference held May 27, 2021, and the court set a briefing schedule with the parties to give Plaintiff an opportunity to respond.[1]

A.    *Plaintiff's Complaint and Defendant's Motion*

Plaintiff filed his Complaint on March 18, 2021, appealing the value of property identified as Account R146286 (subject property) for the "2019, 2020" tax years. (Compl at 1.) He appealed from a board of property tax appeals (BOPTA) Order of Dismissal for the 2020-21 tax year, stating that his petition was defective and that he failed to cure the defects within the 20-day window. (*Id.* at 2.) At a case management conference held April 26, 2021, Plaintiff orally responded to Defendant's Motion to Make More Definite and Certain, clarifying that he is appealing both the 2019-20 and 2020-21 tax years and alleging a real market value of $25,000 for the subject property for both years. (*See* Or, Apr 26, 2021.) At the request of the court, Plaintiff filed a copy of his property tax statement for the 2020-21 tax year, which also identifies the 2019-20 values. (Ptf's Ltr, May 27, 2021.) The tax statement shows that the subject

---

[1] The court requested and received supplemental briefing from the parties on BOPTA filing fees.

property consisted of land with no improvements for both years. (*Id.*)

Defendant moves to dismiss Plaintiff's Complaint because he failed to appeal to BOPTA for both years as required by ORS 305.275 and ORS 309.100, and he failed to allege ultimate facts sufficient to state a claim for relief under ORS 305.288. (Def's Mot at 1.)

B.      *BOPTA Appeal of the 2020-21 Tax Year*

Defendant acknowledges that Plaintiff timely filed a petition with BOPTA for the 2020-21 tax year but asserts that his petition was defective due to a lack of filing fee and failure to request a reduction in real market value. (Def's Mot at 2.) Plaintiff provided a copy of his BOPTA petitions for this and related case TC-MD 210079N which show that in both petitions he listed the roll and requested real market values for property tax account R542590 (at issue in TC-MD 210079N). (Ptf's Resp, Sep 1, 2021.) Defendant asserts that, because the actual improvement value for the subject property was $0, Plaintiff's petition requested an increase in value over the roll value. (Def's Reply at 2.) As a result, BOPTA sent Plaintiff notice of those defects on January 15, 2021, giving him 20 days to correct the petition. (Def's Mot at 9, Ex B.)[2] After Plaintiff failed to timely correct his petition, BOPTA sent him an Order of Dismissal on February 23, 2021, for failure to pay the fee and because no market value was requested. (*Id.* at 7, Ex A.) Defendant argues that Plaintiff may not appeal to this court from a BOPTA dismissal, citing *Rore LLC v. Deschutes County Assessor*, TC-MD 050051E, 2005 WL 1089745 (Or Tax M Div Apr 14, 2005). (*Id.* at 2-3.)

/ / /

/ / /

---

[2] The Defective Petition Notice lists the defects as (1) "real market value from tax statement or assessor's records"; (2) "$30 filing fee needed"; and (3) "Line 26—Address does not match property number." (Def's Mot, Ex B.)

1.      *Whether Plaintiff May Appeal a BOPTA Order of Dismissal*

ORS 305.275(3)[3] states that no appeal may be taken to this court if a taxpayer may appeal to BOPTA. "The appeal under this section is from an *order of the board* as a result of the appeal filed under ORS 309.100 * * *." *Id.* (emphasis added). ORS 309.100(5) states that "[i]f the board denies any petition upon the grounds that it does not meet the requirements of subsection (3) of this section, it shall issue a written *order* rejecting the petition and set forth in the order the reasons the board considered the petition to be defective." (Emphasis added); *see also* ORS 309.110(1),(7) (providing that all petitions, other than petitions resolved by stipulation "shall be recorded by formal order" and that "[t]he order of a board, other than an order relating to an application to excuse liability for the penalty imposed under ORS 308.295, may be appealed to the magistrate division of the Oregon Tax Court.")

The text of the relevant statutes shows that an order of dismissal is an "order of the board" appealable to the court under ORS 305.275 and ORS 309.110(7). However, the court must first consider whether BOPTA's dismissal was proper before it may consider the merits of Plaintiff's appeal. *See Peterson v. Lane County Assessor*, TC-MD 010682D, 2001 WL 34148925 (Or Tax M Div July 24, 2001) (dismissing taxpayer appeal upon finding that dismissal of BOPTA petition was appropriate where petition was not timely filed); *Houck v. Comm'n.*, 2 OTR 448 (1966) (concluding that taxpayer was "aggrieved by an act or omission of a county assessor" where BOPTA's predecessor, the county board of equalization, rejected taxpayer's petition in error)*; Lake Creek Partners LLC v. Jefferson County Assessor*, TC-MD 160062N, 2017 WL 395241 (Or Tax M Div Jan 27, 2017) (considering whether BOPTA properly

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

dismissed late filed petitions).[4]  Accordingly, the court initially confines itself to considering

whether BOPTA's dismissal was appropriate.  If so, the court will then consider whether any of

the exceptions under ORS 305.288 apply.

2.        *Whether BOPTA Properly Dismissed Plaintiff's Petition for the 2020-21 Tax Year*

ORS 309.100(3) lists what must be included in a BOPTA petition:

> "Each petition shall: (a) Be made in writing.  (b) State the facts and the
> grounds upon which the petition is made.  (c) Be signed and verified by the oath
> of a person described in subsection (1)[5] or (4) of this section.  (d) State the
> address to which notice of the action of the board shall be sent.  The notice may
> be sent to a person described in subsection (1) or (4) of this section.  (e) State if
> the petitioner or a representative desires to appear at a hearing before the board."

That subsection does not require a fee or specify that the petition must include a requested real

market value.  However, BOPTA's jurisdiction is limited to petitions seeking a reduction in the

current year real market value, maximum assessed value, and assessed value.  ORS 309.026.  By

administrative rule, BOPTA petitions are required to include both the current tax roll values, and

the values requested by petitioner.  OAR 150-309-0090(2)(c),(d).[6]  This rule is consistent with

ORS 309.026 ensuring that BOPTA has the information it needs to determine its jurisdiction

with regard to the petition.[7]  The court concludes that such value information is a necessary to a

---

[4] In *Rore*, 2005 WL 1089745, the court considered whether taxpayer's failure to correct a defective petition due to oversight met the "good and sufficient cause" standard under ORS 305.288(3).  The court did not consider whether the BOPTA dismissal was proper, either because the issue was not raised by the parties or because it implicitly accepted the correctness of BOPTA's dismissal.

[5] Subsection (1) requires that the person filing the petition hold "an interest in the property that obligates them to pay taxes imposed on the property" and subsection (4) explains who may appear on behalf of a person described in subsection (1).

[6] The Department of Revenue has specific statutory authorization to prescribe rules that provide for the filing of a petition under ORS 309.100.  ORS 309.104.

[7] Neither the statute nor the administrative rule permit or require a filing fee.  However, as this court ruled in related case *Shevtsov v. Multnomah County Assessor*, TC-MD 210079N, failure to pay the BOPTA filing fee constitutes an independent ground for dismissal.  The court does not reach that issue here because Plaintiff's petition was invalid for another reason.

valid BOPTA petition and that a petition may be properly dismissed for failure to include current and requested values.

Plaintiff asserts that he never received notice of the defects in his petition. (Ptf's Resp at 1.) The BOPTA clerk is required to mail written notice that a petition is defective to the taxpayer. OAR 150-309-0100(2). The Defective Petition Notice was mailed to the same address Plaintiff provided in his petition. (*See* Def's Mot at 9, Ex B; Ptf's Resp at 4, 6.) Under Oregon law, there is a presumption that an official duty has been properly performed. ORS 40.135(1)(j); *see also J. R. Widmer, Inc. v. Dept. of Rev.*, 261 Or 371, 374, 494 P2d 854 (1972). The court finds nothing in the evidence presented that rebuts this presumption.[8] Accordingly, the court concludes that BOPTA properly dismissed Plaintiff's Petition for the 2020-21 tax year.

C.     *Claim for Relief under ORS 305.288 – Tax Years 2019-20 and 2020-21*

If a taxpayer failed to appeal to BOPTA, the taxpayer may still appeal to this court for the current or past two tax years under certain circumstances. *See* ORS 305.288. The current tax year is defined as the tax year in which the appeal is filed. ORS 305.288(5)(a); ORS 306.115(5). For the court to order a change or correction of the assessment and tax roll under ORS 305.288, the taxpayer must meet the requirements of either of two paths. ORS 305.288(1), (3). First, this court shall order a change if the property is a particular type of dwelling and if the correct real market value differs from the tax roll real market value by 20 percent or more. ORS 305.288(1). Second, this court may order a change if the taxpayer can show "good and sufficient cause" for their failure to pursue the statutory right of appeal. ORS 305.288(3). "Good and sufficient cause" is

---

[8] In *Feliz-Glynn Properties LLC v. Yamhill County Assessor*, TC-MD 110842C, 2012 WL 541508 (Or Tax M Div Feb 17, 2012), taxpayer similarly alleged that it did not receive the BOPTA Order, making several arguments that the fault lay with BOPTA: first, that BOPTA lacked a "form of proof of mailing or delivery or an other system in place to track its mail"; second, that taxpayer's office "has a specific and long-standing procedure in place to process incoming mail"; and, third, that BOPTA had incorrectly delivered orders in an unrelated case. The court concluded that BOPTA had complied with requirements set forth in statute and rule, denying taxpayer's appeal.

defined as an "extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). "Good and sufficient cause" does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information." ORS 305.288(5)(b)(B).

The subject property is bare land so it does not qualify as a dwelling under ORS 305.288(1)(a)(b). *See also Shevtsov v. Dept. of Rev. and Clackamas County Assessor*, TC 5392 at 4 (Or Gtg Def-Inv's Mot to Dismiss, Mar 4, 2020) (concluding that a "property must include a building or structure in order to satisfy the 'dwelling' requirement" in ORS 305.288(1)(a)). Plaintiff's only remaining route to relief is to show that he had "good and sufficient cause" for failing to appeal to BOPTA for the 2019-20 or 2020-21 tax year, as required by ORS 305.288(3). Plaintiff has not explained or given reasons for his failure to appeal for the 2019-20 tax year. Accordingly, Plaintiff's appeal of the 2019-20 tax year must be dismissed.

For the 2020-21 tax year, Plaintiff alleged that he did not receive notice that his BOPTA petition was defective. However, as discussed above, Plaintiff failed to supply any evidence that BOPTA did not, in fact, mail notice to him. As the court held in *Rore*, failure to timely correct a defective BOPTA petition due to oversight does not meet the statutory definition of "good and sufficient cause". 2005 WL 1089745 at *2. Accordingly, Plaintiff's appeal of the 2020-21 tax year must also be dismissed. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS ORDERED that Plaintiff's appeal is dismissed.

Dated this ____ day of January 2022.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*__This is a dispositive order__ pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on January 12, 2022.*